## CORRY *v.* THE MAYOR AND COUNCIL OF BALTIMORE.

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 86.   Argued December 8, 1904.—Decided February 20, 1905.

The sovereign that creates a corporation has the incidental right to impose reasonable regulations concerning the ownership of stock therein and it is not an unreasonable regulation to establish the situs of stock for purposes of taxation, at the principal office of the corporation whether owned by residents or non-residents, and to compel the corporation to pay the tax for the stockholders giving it a right of recovery therefor against the stockholders and a lien on the stock.

Where valid according to the laws of the State such a regulation does not deprive the stockholder of his property without due process of law either because it is an exercise of the taxing power of the State over persons and things not within its jurisdiction, or because notice of the assessment is not given to each stockholder, provided notice is given to the corporation and the statute either in terms, or as construed by the state court, constitutes the corporation the agent of the stockholders to receive notice and to represent them in proceedings for the correction of the assessment.

While the liability of non-resident stockholders for taxes on his stock may not be expressed in the charter of the company if it existed in the general laws of the State at the time of the creation of the corporation or the extension of its charter, and the constitution of the State also contained at such times the reserved right to alter, amend and repeal, those provisions of the constitution and general laws of the State are as much a part of the charter as if expressly embodied therein,

. THE New York and Baltimore Transportation Line was chartered in 1847 by the general assembly of Maryland, and it still exists by virtue of an extension in 1876 of its charter. At all times the corporation has maintained its principal office in the city of Baltimore.

James C. Corry, a resident and citizen of Pennsylvania, acquired one hundred and fifty shares of the stock of the transportation line, having a face value of twenty dollars per share.

The one hundred and fifty shares standing in Corry's name, as stated, were assessed for the years 1899 and 1900 for state and the municipal taxes of the city of Baltimore, the total taxes being $43.27 for the year 1899 and $36.49 for the year 1900. Conformably to the laws of Maryland, payment of said taxes was demanded of the transportation company. To restrain compliance with this demand Corry commenced the present suit, making defendants to the bill of complaint the mayor and council of Baltimore, the treasurer of the city, the treasurer of the State, and the transportation company. The relief prayed was based on averments that the laws of Maryland under which the taxes were levied were repugnant to the state and Federal Constitutions, upon grounds specified in the bill. A decree was entered sustaining general demurrers, interposed by the various defendants, and dismissing the bill. This was affirmed by the Court of Appeals of Maryland. 96 Maryland, 310.

*Mr. William P. Maulsby*, with whom *Mr. Edwin G. Baetjer* was on the brief, for plaintiff in error:

While the sovereign power of taxation extends to persons residing and property situate within its boundaries and includes the right to tax *in rem* the local property of a nonresident, it does not include the right to impose a tax *in personam*, or a personal obligation on the non-resident himself. Cooley on Taxation, 3d ed., 249; *Louisville Ferry Co.* v. *Kentucky,* 188 U. S. 385, 397; *Dewey* v. *Des Moines,* 173 U. S. 193,

204; *McCulloch* v. *Maryland*, 4 Wheat. 316, 429; *State Tax on Foreign Held Bonds*, 19 Wall. 319; *Baltimore* v. *Hussey*, 67 Maryland, 112; *Coe* v. *Errol*, 116 U. S. 517, 524; *Fargo* v. *Hart*, 193 U. S. 490, 500; *Commonwealth* v. *Standard Oil Co.*, 101 Pa. St. 119; *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196, 208; *St. Louis* v. *Ferry Co.*, 11 Wall. 423; *New York City* v. *McLean*, 170 N. Y. 374, 387; *Tappan* v. *Bank*, 19 Wall. 490, distinguished, and see *County* v. *So. Pac. R. R. Co.*, 15 Fed. Rep. 753; Cooley on Const. Lim. 3.

A State cannot require a non-resident's personal subjection to its sovereignty. *Pennoyer* v. *Neff*, 95 U. S. 733; *Paul* v. *Virginia*, 8 Wall. 168, 180; *Carfield* v. *Coryell*, 4 Wash. C. C. 380; *Slaughter House Cases*, 16 Wall. 30, 76.

The capital stock tax is a tax *in personam* on the stockholder, not a tax *in rem* on his share.

For distinction between these two classes of taxes see *Leigh* v. *Green*, 193 U. S. 79, 90. It is of special importance only as to non-resident stockholders. As to character of its taxes Maryland differs from every State of the Union. 27 Am. & Eng. Ency. Law, 632; Code of Maryland, 1888, 1903, Art. 81, §§ 2, 90, 150–162; Art. 15 Decl. of Rights.

The method of ascertaining the taxes on the shares of a corporation is never correct and always errs on the side of the excess. There is no relation between the actual and assessed value of the shares. *Bank* v. *Commonwealth*, 9 Wall. 353. Under the method of assessment the tax is not one on the shares but on the owner. *Houston* v. *New Orleans*, 119 U. S. 265, 276; *Stapleton* v. *Haggard*, 91 Fed. Rep. 93. It is also recoverable in assumpsit and is not a tax on the corporation. The tax is levied without due process of law. It has never been decided what due process requires as to taxation. *Turpin* v. *Lemon*, 187 U. S. 51; *Glidden* v. *Harrington*, 189 U. S. 255. But see Cooley on Taxation, 363; *Railroad Tax Cases*, 13 Fed. Rep. 752, under which opportunity to the person taxed to question the validity or amount of the tax is requisite.

The· notice need not be personal, but it may be by publication, or a statute may give notice by fixing the time and place of hearing. *W. & St. Peters L. Co.* v. *Minnesota,* 159 U. S. 526, 536; *Merchants' Bank* v. *Pennsylvania,* 167 U. S. 461; 466; *Pittsburg Ry.* v. *Backus,* 154 U. S. 421, 425. The time and place for hearing must be in some way prescribed. *Railroad Tax Cases,* 92 U. S. 575, 610; *Plamer* v. *McMahon,* 133 U. S. 669; *Hagar* v. *Reclam. Dist.,* 111 U. S. 701, 710; *Monticello Co.* v. *Baltimore,* 90 Maryland, 416, 428.

The Maryland statute does not afford these opportunities. It only gives the corporation and not the shareholders the right to be heard. *Clark Distilling Co.* v. *Cumberland,* 95 Maryland, 468, 475.

The elements of such opportunity or due process, are Federal questions on which the Supreme Court would not consider the decision of the state court conclusive. *State Bank* v. *Knopp,* 16 How. 391; *Wright* v. *Nagle,* 101 U. S. 793; *McCullough* v. *Virginia,* 172 U. S. 109.

The corporation is not really the agent for the stockholder as held by the state court. *Cook on Stockholders,* § 11. The whole tax is a mere nullity, as *ultra vires* and void. It is twofold and not provided for by law. *Pennoyer* v. *Neff,* 95 U. S. 714.

Whether the State has the right to exercise the powers; or whether the exercise is *ultra vires;* whether it has the power to so tax a non-resident; whether the tribute exacted by its revenue laws is taxation or spoliation, is a Federal question. *Dewey* v. *Des Moines,* 173 U. S. 193, 201; *Louisville Ferry Co.* v. *Kentucky,* 188 U. S. 385; *Fargo* v. *Hart,* 193 U. S. 490; *State Tax on Foreign Held Bonds,* 15 Wall. 300; *Santa Clara* v. *So. Pac. R. R.,* 18 Fed. Rep. 385.

*Mr. Albert C. Ritchie,* with whom *Mr. W. Cabell Bruce* was on the brief, for defendants in error:

The tax statute has been construed and upheld by the. Maryland courts.

A State has the power, to fix the situs of shares of stock held in its corporations by non-residents of the State, at the place in the State where the corporation has its principal office, and to provide for the taxation of such non-resident stockholders on account of their shares at such place, and no right granted or secured by the Constitution of the United States is violated thereby.

This court will not set aside the Maryland statutes here in question, unless they encroach upon legitimate national authority or violate some right granted or secured by the Constitution of the United States. *Lake Erie R. R. Co.* v. *Pennsylvania,* 153 U. S. 628, 641; *Kirtland* v. *Hotchkiss,* 100 U. S. 490, 498.

The only question before this court, is the power and authority of the State to declare that Maryland is the situs for purposes of taxation of stock in Maryland corporations held by non-residents and that such stock shall be there taxed. If the State possesses this power, its right to exercise it is in no way affected by the fact that the non-resident stockholder may or may not be taxed upon his stock in the State of his domicile. *Blackstone* v. *Miller,* 188 U. S. 189, 205, and cases cited.

Movable personal property is always subject to taxation in the State where it is situated. *Coe* v. *Errol,* 116 U. S. 517; *Am. Refrigerator Co.* v. *Hall,* 174 U. S. 70; *Union Refrigerator Co.* v. *Lynch,* 177 U. S. 149. Shares of stock, however, are personal property of an intangible nature. They represent property invested in the corporation, which should pay its share of the expenses of the State. The corporation derives its existence from the State creating it. Its shares are authorized to be issued by, and are subject to, the control of the laws of the State and can be subjected to taxation by the State. *Bank* v. *Commonwealth,* 9 Wall. 353, 361; *Tappan* v. *Merchants'. Bank,* 19 Wall. 490; *New Orleans* v. *Stempel,* 175 U. S. 309, 320; *Bristol* v. *Washington County,* 177 U. S. 133, 144; *St. Albans* v. *National Car Co.,* 57 Vermont, 68; *Pullman Co.*

v. *Pennsylvania*, 141 U. S. 18, 22; *Adams Express Co. v. Ohio*, 166 U. S. 185, 224; *Loan Society v. Multonomah County*, 169 U. S. 421; *Travellers Ins. Co. v. Connecticut*, 185 U. S. 364; *State Tax on Foreign Held Bonds*, 15 Wall. 300, distinguished, see *Matter of Bronson*, 150 N. Y. 1. The tax cannot impair the obligation of any contract. See also *Delaware R. R. Tax Case*, 18 Wall. 206; *Murray v. Charleston*, 96 U. S. 432; *Kirtland v. Hotchkiss*, 100 U. S. 491; *Erie R. R. Co. v. Pennsylvania*, 153 U. S. 628.

Although the laws of Maryland make no provision for notice to the individual stockholders of a Maryland corporation, or for any opportunity to be heard by them, upon the question of the valuation of their stock for purposes of taxation, yet ample provision is made for notice to, and an opportunity to be heard by, the corporation itself, and inasmuch as the corporation, under the Maryland system of taxation, acts for and as the representative of the stockholders, the Maryland statute gratifies the requirement of due process of law. *Turpin v. Lemon*, 187 U. S. 51, 58; *Glidden v. Harrington*, 189 U. S. 255, 258; *Bank v. Pennsylvania*, 167 U. S. 461, 466; *Am. Casualty Co. Case*, 82 Maryland, 535; *Clark Distilling Co. v. Cumberland*, 95 Maryland, 468, 474.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The subjects and methods of taxation of property within the State of Maryland are regulated generally by article 81 of the Code of Public General Laws of that State.

A tax for state purposes and one for local purposes is laid upon all property. In each year the officers of domestic corporations are required to furnish information respecting the value of the shares of stock in such corporations to the state tax commissioner, who determines the aggregate value thereof, deducts therefrom the assessed value of the real estate owned by the corporation, and the quotient, obtained by dividing

the remainder by the total number of shares of stock, is treated as the taxable value of each share, subject, however, to correction on appeal to the state comptroller and state treasurer after notice to the corporation of the valuation fixed by the tax commissioner. The rate of the state tax is determined by the general assembly, and that for municipal purposes in Baltimore is fixed by the mayor and council of that city. The levy on property in Baltimore, both for state and city purposes, is made by the municipal authorities. In case of stock in Maryland corporations owned by non-residents the statutes declare that the situs of such stock, for the purpose of taxation, shall be at the principal office of the corporation in Maryland, and such shares are there assessed at their value to the owners. The statutes undoubtedly impose upon a Maryland corporation the duty of paying for and on account of the owners the taxes assessed in respect of the shares, and compel such payment without reference to the dividends, giving to the corporation a lien upon the shares of stock, and entitling the corporation, when it pays the taxes, to proceed by a personal action to recover the amount paid. *Dugan* v. *Mayor of Baltimore*, 1 G. & J. 499, 502; *Mayor &c.* v. *Howard*, 6 H. & J. 383, 394; *American Coal Co.* v. *Allegany Co. Comrs.*, 59 Maryland, 185; *Hull* v. *Southern Development Co.*, 89 Maryland, 8, 11.

The Maryland decisions have also settled that the tax is on the stockholder personally because of his ownership of the stock, and is not on the stock *in rem* or on the corporation. The Maryland doctrine on the subject is shown by the opinion of the Court of Appeals of Maryland in *United States Electric Power & Light Company* v. *State*, 79 Maryland, 63, where the court said (p. 70):

"But the tax is not a tax upon the stock or upon the corporation, but upon the owners of the shares of stock, though the officers of the corporation are made the agents of the State for the collection of the state tax. It is not material what assets or other property make up the value of the shares.

Those shares are property, and under existing laws are taxable property. They belong to the stockholders respectively and individually, and when for the sake of convenience in collecting the tax thereon, the corporation pays the state tax upon these shares into the state treasury, it pays the tax not upon the company's own property, nor for the company, but upon the property of each stockholder and for each stockholder respectively, by whom the company is entitled to be reimbursed. Hence when the owner of the shares is taxed on account of his ownership and the tax is paid for him by the company, the tax is not levied upon or collected from the corporation at all."

See, also, *Hull* v. *Southern Development Co., supra.*

Substantially similar laws for the taxing of stock in Maryland corporations were in force in Maryland at the time of the incorporation of the transportation company, and have been in force ever since.

All the claims of Federal right here asserted are embraced in and will be disposed of by passing on two propositions, which we shall consider separately.

The first proposition is that, as the authority of the State of Maryland to tax is limited by the effect of the Fourteenth Amendment to the Constitution of the United States to persons and property within the jurisdiction of the State, and as the tax in question was not *in rem* against the stock but was *in personam* against the owner, the power attempted to be exercised as it imposed a personal liability was wanting in due process of law.

The Court of Appeals of Maryland disposed of this contention by deciding that it was in the power of the State of Maryland to fix for the purposes of taxation the situs of stock in domestic corporations held by a non-resident. It also held that, as such corporations were created by the State and were subject to its regulating authority, it was within its power to impose, as a condition to the right to acquire stock in such corporations, the duty of paying the taxes assessed on the

stock, and, moreover, that the State might compel the corporation to pay such taxes on behalf of the stockholder, and confer upon the corporation a right of action to obtain reimbursement from a stockholder when the payment was made. The court, in its opinion in this case, did not expressly elaborate the foregoing considerations, but contented itself by referring to previous decisions by it made. Among the cases so referred to was the case of *American Coal Company* v. *Alleghany County Comrs.*, 59 Maryland, 185, 193, where it was said:

"The appellant is a Maryland corporation, deriving its existence, and all its powers and franchises, from this State. And such being the case, it is settled, that the sovereign power of taxation extends to everything which exists by the authority of the State, or which is introduced by its permission, except where such power is expressly or by necessary implication excluded. The separate shares of the capital stock of the corporation are authorized to be issued by the charter derived from the State, and are subject to its control in respect to the right of taxation; and every person taking such shares, whether resident or non-resident of the State, must take them subject to such state power and jurisdiction over them. Hence the State may give the shares of stock, held by individual stockholders, a special or particular situs for purposes of taxation, and may provide special modes for the collection of the tax levied thereon."

That it was rightly determined that it was within the power of the State to fix, for the purposes of taxation, the situs of stock in a domestic corporation, whether held by residents or non-residents, is so conclusively settled by the prior adjudications of this court that the subject is not open for discussion. Indeed, it was conceded in the argument at bar that no question was made on this subject. The whole contention is that, albeit the situs of the stock was in the State of Maryland for the purposes of taxation, it was nevertheless beyond the power of the State to personally tax the non-resident owner for and on account of the ownership of the stock, and to compel the

corporation to pay and confer upon it the right to proceed by a personal action against the stockholder in case the corporation did pay. Reiterated in various forms of expression, the argument is this, that as the situs of the stock within the State was the sole source of the jurisdiction of the State to tax, the taxation must be confined to an assessment *in rem* against the stock, with a remedy for enforcement confined to the sale of the thing taxed, and hence without the right to compel the corporation to pay or to give it, when it did pay, a personal action against the owner.

But these contentions are also in effect long since foreclosed by decisions of this court. *National Bank* v. *Commonwealth,* 9 Wall. 353; *Tappan* v. *Merchants' National Bank,* 19 Wall. 490. In *National Bank* v. *Commonwealth* (pp. 361, 362), it was said:

"If the State cannot require of the bank to pay the tax on the shares of its stock it must be because the Constitution of the United States, or some act of Congress, forbids it.

* * * * * * * *

"If the State of Kentucky had a claim against a stockholder of the bank who was a non-resident of the State, it could undoubtedly collect the claim by legal proceeding, in which the bank could be attached or garnished, and made to pay the debt out of the means of its shareholder under its control. This is, in effect, what the law of Kentucky does in regard to the tax of the State on the bank shares."

And it was further observed (p. 363):

"The mode under consideration is the one which Congress itself has adopted in collecting its tax on dividends, and on the income arising from bonds of corporations. It is the only mode which, certainly and without loss, secures the payment of the tax on all the shares, resident or non-resident; and, as we have already stated, it is the mode which experience has justified in the New England States as the most convenient and proper, in regard to the numerous wealthy corporations of those States."

But it is insisted that these rulings concerned taxation by the States of the shares of stock in national banks under the provisions of the national banking act, and are therefore not applicable. The contention is thus expressed:

"This act forms a part of the charter of the national banks, and provides for this liability. Charters can and frequently do undoubtedly provide for a personal liability of stockholders in various forms; the liability to creditors of the corporation is one of the common illustrations, and the liability may be thus imposed for a tax as well as for any other debt or obligation. The court therefore held [in the *Tappan* case, 19 Wall. 500] that under the national banking act the shareholders were liable, because that act 'made it the law of the property.' The liability arose, not out of the taxing power of the sovereign, but from the subscription or charter contract of the subject."

In substance, the contention is that the conceded principle has no application to taxation by a State of shares of stock in a corporation created by it, because by the Constitution of the United States the States are limited as to taxation to persons and things within their jurisdiction, and may not, therefore, impose upon a non-resident, by reason of his property within the State, a personal obligation to pay a tax. By the operation, therefore, of the Constitution of the United States it is argued the States are restrained from affixing, as a condition to the ownership of stock in their domestic corporations by non-residents, a personal liability for taxes upon such stock, since the right of the non-resident to own property in the respective States is protected by the Constitution of the United States, and may not be impaired by subjecting such ownership to a personal liability for taxation. But the contention takes for granted the very issue involved. The principle upheld by the rulings of this court to which we have referred, concerning the taxation by the States of stock in national banks, is that the sovereignty which creates a corporation has the incidental right to impose reasonable regulations

concerning the ownership of stock therein, and that a regulation establishing the situs of stock for the purpose of taxation, and compelling the corporation to pay the tax on behalf of the shareholder, is not unreasonable regulation. Applying this principle, it follows that a regulation of that character, prescribed by a State, in creating a corporation is not an exercise of the taxing power of the State over persons and things not subject to its jurisdiction. And we think, moreover, that the authority so possessed by the State carries with it the power to endow the corporation with a right of recovery against the stockholder for the tax which it may have paid on his behalf. Certainly, the exercise of such a power is no broader than the well-recognized right of a State to affix to the holding of stock in a domestic corporation a liability on a non-resident as well as a resident stockholder *in personam* in favor of the ordinary creditors of the corporation. *Flash v. Conn,* 109 U. S. 371; *Whitman v. Oxford National Bank,* 176 U. S. 559; *Nashua Savings Bank v. Anglo-American L. M, & A. Co.,* 189 U. S. 221, 230, and cases cited; *Platt v. Wilmot,* 193 U. S. 602, 612.

Whilst it is true that the liability of the non-resident stockholder in the case before us, as enforced by the laws of Maryland, was not directly expressed in the charter of the corporation, it nevertheless existed in the general laws of the State at the time the corporation was created, and, be this as it may, certainly existed at the time of the extension of the charter. This is particularly the case, since the constitution of Maryland, for many years prior to the extension of the charter of the transportation company, contained the reserved right to alter, amend and repeal. From all the foregoing it resulted that the provisions of the general laws and of the constitution of Maryland were as much a part of the charter as if expressly embodied therein. Nor can this conclusion be escaped by the contention that, as the provisions of the statute imposing on non-resident stockholders in domestic corporations a liability for taxes on their stock violated the Constitution of the United

States, therefore such unconstitutional requirements cannot be treated as having been incorporated in the charter, for this argument amounts only to reasserting the erroneous proposition which we have already passed upon.

Having disposed of the first proposition we come to consider the second, which is that the legislation of the State of Maryland is repugnant to the Constitution of the United States, because of the omission to directly require the giving of notice to the non-resident stockholder of assessments on his stock and opportunity for contest by him as to the correctness of the valuation fixed by the taxing officers. The highest court of the State of Maryland has construed the statutory provisions in question as in legal effect constituting the corporation the agent of the stockholders to receive notice and to represent them in proceedings for the correction of an assessment. Thus in *Clark Distilling Co.* v. *Cumberland,* 95 Maryland, 468, the court said (p. 474):

"A notice to each shareholder is unnecessary because the corporation represents the shareholders. The officers of the corporation are required by the Code to make an annual return to the state tax commissioner, and upon the information disclosed by that return the valuation of the capital stock is placed each year. If the valuation is not satisfactory an appeal may be taken by the corporation for the shareholders. An opportunity is thus afforded for the shareholders to be heard through the corporation, and that gratifies all the requirements of law. If each and every shareholder in the great number of companies throughout the State had a right to insist upon a notice before an assessment of his shares could be made, and if each were given a separate right of appeal, it would be simply impossible to fix annually a valuation on shares of capital. The policy of the law is to treat the corporation not merely as tax collector after the tax has been levied, but to deal with it as the representative of the shareholder in respect to the assessment of the shares; and when notice has been given to the corporation, and it has the right to be heard

on appeal, notice is thereby given to the shareholders, and they are accorded a hearing. This is so in every instance where the assessment is made by the state tax commissioner, because the revenue laws throughout treat the corporation as the representative of the shareholders, and as no official other than the tax commissioner has power to assess capital stock, no notice other than the one given by him is necessary; and as no notice other than the one given by him is necessary, a notice by the municipality to each shareholder is not requisite."

If a tax was expressly imposed upon the corporation the stockholders, though interested in the preservation of the assets of the corporation, could not be heard to object that the statute did not provide for notice to them of the making of the assessment. The condition attached by the Maryland law to the acquisition of stock in its domestic corporations, that the stockholders, for the purpose of notice of the assessment of the stock and proceedings for the correction of the valuation thereof, shall be represented by the corporation, is not in our opinion an arbitrary and unreasonable one, when it is borne in mind that the corporation, through its officers, is by the voluntary act of the stockholders constituted their agent and vested with the control and management of all the corporate property, that which gives value to the shares of stock and in respect to which taxes are but mere incidents in the conduct of the business of the corporation. The possibility that the state taxing officials may abuse their power and fix an arbitrary and unjust valuation of the shares, and that the officers of the corporation may be recreant in the performance of the duty to contest such assessments, does not militate against the existence of the power to require the numerous stockholders of a corporation chartered by the State, particularly those resident without the State, to be represented in proceedings before the taxing officials through the agency of the corporation.

As we conclude that the legislation of the State of Maryland

in question does not contravene the due process clause of the
Fourteenth Amendment to the Constitution of the United
States, the judgment of the Court of Appeals of Maryland is
*Affirmed.*