FREDERICK H. KINGSBURY & another, executors, *vs.*
ARTHUR B. CHAPIN.

Worcester.    October 3, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Tax*, Collateral legacy.    *Corporation.    Executor and Administrator.*

The tax upon collateral legacies and successions provided by R. L. c. 15, as
amended by Sts. 1905, c. 470; 1906, c. 436, is an excise tax upon the privilege
of passing the title to property on the death of the owner and is not a property
tax.

Shares of the capital stock of a domestic railroad corporation which owned and
operated railroads extending beyond the boundaries of the Commonwealth into
other States in which also it was incorporated by the same name and by each
of which it was recognized as being one general organization engaged in a
single general enterprise, exhibiting activities and owning properties in the
various States while held in the same ownership, but of whose capital stock
there was but a single issue representing all the property of all the corporations,
are subject to the tax upon collateral legacies and successions provided for by
R. L. c. 15, as amended by Sts. 1905, c. 470; 1906, c. 436; but their valuation
for the purposes of such tax should be based upon the value of the property
in this Commonwealth only.

The executors of a will which provided for the payment of legacies which were
subject to the tax on collateral legacies provided by R. L. c. 15, as amended by
Sts. 1905, c. 470; 1906, c. 436, cannot evade the payment of such tax by using the
property in this Commonwealth for the payment of legacies and charges exempted
from the provision of the statute, and not using therefor property in their pos-
session but situated in another State and not subject to such a tax; but, in com-
puting the tax, payments made for such purposes must be deducted from the
property in this Commonwealth only in the proportion that the value of the
property here bears to the value of the entire estate.

BILL IN EQUITY filed in the Probate Court for the county of
Worcester June 14, 1907, by the executors of a will for instruc-
tions as to the amount that they should pay as collateral inherit-
ance tax under the provision of R. L. c. 15, as amended by Sts.
1905, c. 470; 1906, c. 436, then in force.

On appeal, the case was heard before *Rugg*, J., who reserved
it for determination by the full court.    The facts are stated in
the opinion.

*E. H. Vaughan & E. T. Esty*, for the plaintiffs.

*D. Malone*, Attorney General, *& F. T. Field*, Assistant Attorney General, for the defendant.

*C. A. Williams*, for a party having like interests with the plaintiff, was allowed to file a brief.

KNOWLTON, C. J.    This bill is brought by the executors of the will of Julia B. Thayer, late of Keene in the State of New Hampshire, for instructions in regard to the payment of succession taxes claimed in behalf of this Commonwealth.    A part of the property left by the testatrix was stock in railroad corporations, incorporated in this State, and owning and operating railroads therein which extend beyond the boundaries of the State into other States in which also the companies are incorporated. The corporations referred to are the Worcester, Nashua and Rochester Railroad Company, the Norwich and Worcester Railroad Company, the Fitchburg Railroad Company, the Boston and Albany Railroad Company, the Providence and Worcester Railroad Company, the New York, New Haven, and Hartford Railroad Company and the Old Colony Railroad Company. The material averments in regard to each of these corporations are substantially the same, so far as they relate to the question in dispute, namely, that they are engaged in the transportation of passengers and freight between the different States, and in interstate commerce and commerce with foreign nations, and are incorporated under the laws of one or more States besides Massachusetts, and own franchises granted by these States, and property, real and personal, tangible and intangible, located in Massachusetts and in one or more of these other States.    Although all the statutes of the different States touching the subject were made a part of the evidence, we have been referred to no differences in them, nor to any of their provisions except those stated generally in the bill.    We infer from the pleadings, the agreed facts and the arguments that each of these companies is incorporated in each of the States into which its road runs ; that in each case the name is the same in each State, and there is recognition by each State of the fact that the corporation is connected with the corporation of the same name in the other State, in such a way that the two, deriving their authority from two different sources, are parts of one general organization engaged

in a single general enterprise, and exhibiting activities and owning property in two or more States, while held in the same ownership. It is averred by the petitioners and admitted by the respondent that " in the case of all the railroad companies there is but a single issue of capital stock representing all the property of the said companies." In a sense, such a railroad company is a domestic corporation in each of the States where it is incorporated and owns and operates a railroad. We think that stock in such a corporation is " property within the jurisdiction of the Commonwealth," under the language of our statute authorizing the taxation of collateral inheritance. R. L. c. 15, § 1. St. 1905, c. 470. St. 1906, c. 436. We think it is property within the jurisdiction of the Commonwealth in a constitutional sense, such as to enable the State to subject it to taxation as against a non-resident owner. This follows from the decisions and the reasoning in *Greves* v. *Shaw*, 173 Mass. 205, and in *Moody* v. *Shaw*, 173 Mass. 375. See also *American Coal Co.* v. *County Commissioners*, 59 Md. 185 ; *St. Albans* v. *National Car Co.* 57 Vt. 68 ; *State* v. *Travellers Ins. Co.* 70 Conn. 590 ; *Travelers Ins. Co.* v. *Connecticut*, 185 U. S. 364. That an inheritance of stock in a domestic corporation by a non-resident owner is taxable, has been settled in New York. *Matter of Bronson*, 150 N. Y. 1. *Matter of Fitch*, 160 N. Y. 87. *Matter of Jones*, 172 N. Y. 575. See also *Attorney General* v. *New York Breweries Co.* [1898] 1 Q. B. 205 ; *S. C.* [1899] A. C. 62. It has also been adjudged that the same rule applies to corporations which are incorporated in two States. *Matter of Cooley*, 186 N. Y. 220. This case presented the question whether stock of a non-resident testator in the Boston and Albany Railroad Company should be taxed under the inheritance law of New York at its value, treating the stock as representing all the property of the doubly incorporated New York and Massachusetts corporation, or at a less value, treating it as representing only that portion of the property which belonged in the State of New York. It was held that the payment should be on the latter theory. The court said, " The authorities are asserting jurisdiction of and assessing his stock only because it is held in the New York corporation of the Boston and Albany Railroad Company. But we know that said company is also incorporated as a Massachusetts corporation and

presumably by virtue of such latter incorporation it has the same powers of owning and managing corporate property which it possesses as a New York corporation. In fact the location of physical property and the exercise of various corporate functions give greater importance to the Massachusetts than to the New York corporation, and the problem is whether for the purpose of levying a tax upon decedent's stock upon the theory that it is held in and under the New York corporation we ought to say that such latter corporation owns and holds all of the property of the consolidated corporation wherever situated, thus entirely ignoring the existence of and the ownership of property by the Massachusetts corporation. It needs no particular illumination to demonstrate that if we take such a view it will clearly pave the way to a corresponding view by the authorities and courts of Massachusetts that the corporation in that State owns all of the corporate property wherever situated, and we shall then further and directly be led to the unreasonable and illogical result that one set of property is at the same time solely and exclusively owned by two different corporations and that a person holding stock should be assessed upon the full value of his stock in each jurisdiction. . . . We shall have each State exacting full compensation upon one succession and a clear case of double taxation. And if the corporation had been compelled for sufficient reasons to take out incorporation in six or twenty other States each one of them might take the same view and insist upon the same exaction, until the value of the property was in whole or large proportion exhausted in paying for the privilege of succession to it. While undoubtedly the legislative authority is potent enough to prescribe and enforce double taxation, it is plain that, measured by ordinary principles of justice, the result suggested would be inequitable and might be seriously burdensome." A similar view was taken in *State* v. *Metz*, 3 Vroom, 199.

It is contended by the petitioners that, with any other construction, the statute, in its application to a case like this, would be unconstitutional, and they refer to the cases in which it is decided that, in assessing a property tax upon a corporation, the property owned by it in another State and the franchise conferred by another State cannot be included in fixing its value. The

collection of a tax levied on such a basis would be a taking of property without due process of law. *Louisville & Jefferson-ville Ferry Co.* v. *Kentucky*, 188 U. S. 385. *Delaware, Lacka-wanna & Western Railroad* v. *Pennsylvania*, 198 U. S. 341. *Union Transit Co.* v. *Kentucky*, 199 U. S. 194. The present case concerns the imposition of an excise tax upon the privilege of passing the title to property on the death of its owner. It is not a property tax, but strictly an excise or franchise tax, although the amount of it may be made dependent to a greater or less extent upon the value of property. It is very plainly shown in *Plummer* v. *Coler*, 178 U. S. 115, that property which is not taxable as such may constitutionally be considered under a statute, in fixing the amount of an excise tax.

Without deciding that the Legislature could not constitution-ally include in the value of the stock for the purpose of fixing this tax all property of the corporation wherever situated, we are of opinion that its value for this purpose was intended to be lim-ited by the value of the franchise and property which it specially represents within this Commonwealth. In a sense, the stock in each State may be said to represent all the property of the cor-poration in different States. But the principal reasons for a local act of incorporation in each State relate only to the property in that State. As a domestic corporation, in a strict sense, it is confined to the State which gives it its charter, and when there is also a similar act of incorporation in another State where it has property and does business in the same way, the rights, priv-ileges and obligations which belong peculiarly to domestic corpo-rations should be only those which are recognized in the State where the franchise is granted. So far as the jurisdiction of a State to impose taxation depends upon the ownership of prop-erty, it is limited to that which is within the State. In a case like the present, where corporate power is exercised under two franchises of the same kind, granted by two adjacent States, and where the ownership is represented by a single issue of stock, recognized alike by both States, we think that, for jurisdictional purposes and determining values in imposing taxes, the stock in each State should be held to represent only the property within that State. This view is strengthened by the express provisions to that effect in our recent legislation in regard to the taxation

of corporate franchises. St. 1903, c. 437, §§ 72–74. St. 1906, c. 463, Part II. § 212; Part III. § 126. The rule which we have adopted is made a part of our last act in regard to inheritance taxes. St. 1907, c. 563, § 2. In this particular the decree of the Probate Court is correct.

The remaining question is whether the executors, by using the stock in Massachusetts corporations for the payment of debts and legacies, to the exemption of the property in New Hampshire, could relieve it from liability to a tax upon succession imposed by our law. We are of opinion that they could not. It was decided in *Hooper* v. *Bradford*, 178 Mass. 95, that taxes under this statute are to be assessed on the value of the testator's property at the time of his death. The rights of all parties, including the rights of the Commonwealth to its tax, vest at the death of the testator. It is true that the interest of a legatee is subject to an accounting; but it is an interest in the existing fund, and it is analogous to that of a *cestui que trust*. The executors cannot, by independent action in attempting to marshal assets according to their personal wishes, enlarge or diminish the rights of legatees, or of the Commonwealth. The property in Massachusetts is subject to the jurisdiction of our courts, and the executors must use and appropriate it according to law. *Greves* v. *Shaw*, 173 Mass. 205, 209. *Callahan* v. *Woodbridge*, 171 Mass. 595. The debts, the legacies in Massachusetts exempt from taxation and the expenses of administration are chargeable upon the general assets, as well those in New Hampshire as those in Massachusetts, and only a proportional part of the property in Massachusetts should be used in paying them. The balance is subject to the payment of a tax under the statute. The decision of the Probate Court upon this part of the case was correct.

*Decree affirmed.*