## STATE EX REL. IDA M. BODMAN AND OTHERS v. PROBATE COURT OF COUNTY OF ST. LOUIS AND ANOTHER.[1]

### May 16, 1919.

### No. 21,310.

**Inheritance tax — bequest of stock of domestic corporation by nonresident taxable.**

1. Capital stock represents the interest of its owner in the corporation, and the rights of such owner rest on the laws of the state which

[1]Reported in 172 N. W. 318.

created the corporation. And a transfer by will of the capital stock of a domestic corporation is subject to the inheritance tax of this state, although the testator was a resident of another state and kept the certificates of stock in such state and the courts of that state could acquire jurisdiction of the corporation by service of process therein.

**Same — otherwise when bonds are bequeathed.**

2. The situation of a stockholder differs from that of a bondholder. State v. Chadwick, 133 Minn. 117, distinguished.

**Same — severance by statute of situs of stock from domicile of decedent.**

3. By exerting jurisdiction over the transfer from a nonresident decedent of the capital stock of a domestic corporation, the taxation statute severs the situs of such stock from the domicile of the decedent for the purposes of the statute.

**Same — computation of tax.**

4. Where a domestic corporation is incorporated only in this state, the tax upon a transfer by will of its capital stock is to be computed on the full value of such stock (less the exemptions allowed by statute), although the properties of the corporation may be situated in several states.

Upon the relation of Ida M. Bodman and others the supreme court granted its writ of certiorari directed to the probate court of St. Louis county and the Honorable S. W. Gilpin, judge thereof, to review the proceedings of that court in the inheritance tax upon the estate of Edward C. Bodman, deceased. Affirmed.

*Francis H. DeGroat,* for relators.

*Clifford L. Hilton,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for respondents.

TAYLOR, C.

Edward C. Bodman, a resident of the state of New York, died testate on January 21, 1917, possessed of real estate in St. Louis county, Minnesota, of the value of $16,670 and of 1,450 shares of the preferred capital stock of the Great Northern Railway Company, a Minnesota corporation, of the value of $169,650. His will was admitted to probate in the state of New York and was subsequently admitted to probate by the probate court of St. Louis county in this state. The probate court held that our statutes imposed an inheritance tax on the transfer of the capital stock of the railway company as well as on the transfer of the real estate, and

found that the total value of the property within the jurisdiction of this state was the sum of $186,217.53 of which the sum of $156,217.53 was subject to the transfer tax, and by its final order fixed and determined the amount of such tax due from the three legatees at the aggregate sum of $2,994.21. By writ of certiorari the legatees have brought the decision and judgment of the probate court before this court for review.

The railway company is incorporated under the laws of the state of Minnesota, but maintains its office for the transfer of its stock in the city of New York, and the courts of the state of New York can acquire jurisdiction of it by the service of process in that state. The relators contend that the capital stock here in question is not subject to the inheritance tax imposed by the statutes of Minnesota, because the decedent was domiciled in the state of New York and kept his certificates of stock in that state, and the transfer of such certificates can be enforced in that state. The authorities do not bear out this contention. In the late work on Inheritance Taxation by Gleason and Otis it is said, on page 247: "All the authorities agree that a state may tax the transfer of stock owned by nonresidents in domestic corporations, even though the certificates are physically kept without the state." A lengthy list of authorities to the same effect will be found in Ann. Cas. 1918A, 555. And this court has expressly so held in State ex rel. Graff v. Probate Court of St. Louis County, 128 Minn. 371, 150 N. W. 1094, Ann. Cas. 1916A, 901. We see no reason for departing from the rule announced in the Graff case.

The relators rely largely on State v. Chadwick, 133 Minn. 117, 157 N. W. 1076, 158 N. W. 637, L.R.A. 1916E, 1288, but that case did not overrule the Graff case and is plainly distinguishable therefrom. In that case it was held that bonds of this railway company held by a nonresident, and kept in another state and capable of being enforced without invoking the laws of this state, were not subject to the inheritance tax of this state. The holder of the bonds was merely a creditor, and could enforce payment of the debt in any of the several states in which the company operated its railroad. But the railway company owes its existence as a corporation to the laws of this state and is subject to the laws of this state. The issuance and transfer of its capital stock and the rights of the holders thereof in the corporation are governed by the laws of this state. The situation of a stockholder is quite different from that

of a creditor. Matter of Bronson, 150 N. Y. 1, 44 N. E. 707, 34 L.R.A. 238, 55 Am. St. 632. His rights depend upon the laws of this state.

The relators also contend in substance that personal property has its situs at the domicile of the owner, unless given a different situs by statute; that the statutes of Minnesota have not given the capital stock in question a situs other than at the domicile of its owner; and that the conclusion follows that such stock has no situs in Minnesota and is not subject to the inheritance tax of Minnesota. We cannot sustain this contention. No express provision severing the situs of such property from the domicile of its owner is required to give it a taxable situs in this state. It is sufficient if the statute exerts jurisdiction over the property, and, as said in the Graff case, we are of opinion that the language of the taxing statute manifests an intention to tax all property that the state has the power to tax. Furthermore the legislature has emphasized its intention to tax the transfer of the capital stock of domestic corporations held by nonresidents by providing that: "No corporation organized under the laws of the State of Minnesota shall transfer on its books any shares of its capital stock standing in the name of a nonresident decedent, or in trust for a nonresident decedent, without the consent of the attorney general first procured as hereinbefore provided for," and by further providing that: "Such consent shall be issued by the attorney general only in case there is no tax due hereunder; or in case there is a tax, when the same shall have been paid." G. S. 1913, § 2281.

The relators further contend that, even if the transfer of the shares of stock is taxable in this state, the state cannot levy a tax "upon the proportion of the value of the shares represented by the property of the corporation in the states other than Minnesota," and as only 27 per cent in value of the property of the corporation is located in this state, that only 27 per cent of the value of the stock is taxable in this state. We are unable to sustain this contention. The railway company is a Minnesota corporation, and the laws of Minnesota fix and determine the rights in the corporation possessed by the owners of its capital stock. Each share of capital stock entitles the owner to his proportionate share of all the profits of the corporation, whether earned within or without the

state, and also entitles him to his proportionate share of the ultimate assets of the corporation, wheresoever situated, in case it should cease business and be dissolved. Capital stock represents the interest of its owner in the corporation and does not represent any direct interest in the properties of the corporation. These are owned by the corporation as a legal entity, not by the stockholders as individuals. The interest represented by the stock is of the same character and extent whether the corporation has property in several states or only in one state. Other courts have reached the same conclusion where the facts are similar. The New York court in announcing a similar conclusion observes: "A share of capital stock represents the distinct interest, which its holder has in the corporation, and his right to participate in the distribution of the net earnings of the corporation, as a going concern, or in that of its assets, upon a dissolution, is proportionate to the number of shares which he holds. They evidence the extent of his proprietary interest and their assessment for taxation purposes must be upon that interest, regarded as an entity, and is unapportionable with reference to the situs of the corporate properties. The tax, imposed by the state upon the transfer of such property, upon the decease of its owner, is not upon the property which passes; it is upon the right of succession to it. The Transfer Tax Act operates upon that general right to succeed to the interest of the deceased in the corporation, and it is inconceivable that the value of the interest, upon which the tax is computed, is determinable by the location of the corporate properties." Matter of Palmer, 183 N. Y. 238, 76 N. E. 16.

See also Welch v. Treasurer, 223 Mass. 87, 111 N. E. 774; Moody v. Shaw, 173 Mass. 375, 53 N. E. 891; Gardiner v. Carter, 74 N. H. 507, 69 Atl. 939; Matter of Bronson, 150 N. Y. 1, 44 N. E. 707, 34 L.R.A. 238, 55 Am. St. 632; Matter of Cooley, 186 N. Y. 220, 78 N. E. 939, 10 L.R.A.(N.S.) 1010.

Where the same company is incorporated in two or more states and thus becomes a domestic corporation of each of such states, the rule of apportionment contended for by the relators is usually applied. Kingsbury v. Chapin, 196 Mass. 533, 82 N. E. 700, 13 Ann. Cas. 738; Welch v. Treasurer, 223 Mass. 87, 111 N. E. 774; Gardiner v. Carter, 74 N. H. 507, 69 Atl. 939.; Matter of Cooley, 186 N. Y. 220, 78 N. E. 939, 10

L.R.A. (N. S.) 1010; Matter of Thayer, 193 N. Y. 430, 86 N. E. 462. But this rule does not extend to cases where the company is incorporated in only one state as in the instant case.

We are of opinion that the probate court determined the questions submitted to it correctly, and its judgment is affirmed.