## BEIDLER ET AL., EXECUTORS, v. SOUTH CAROLINA TAX COMMISSION.

No. 2.   Argued October 22, 1928.   Reargued October 23, 24, 1930.—
Decided November 24, 1930.

1.

2

*Mr. P. F. Henderson,* with whom *Mr. Arthur B. Schaffner* was on the brief, for plaintiffs in error.

4

*Mr. J. Fraser Lyon,* with whom *Mr. John M. Daniel,* Attorney General of South Carolina, was on the brief, for defendant in error.

6

*Messrs. Seth T. Cole* and *William Dale O'Brien,* by special leave of Court, filed a brief on behalf of the Tax Commission of the State of New York, as *amicus curiae.*

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

On March 4, 1924, Francis Beidler, a resident of Chicago, Ill., died in that State, leaving a will by which he bequeathed a portion of his personal property to his wife and children directly, and gave the residue in trust for their benefit and for charitable uses. The will was probated in Illinois, and Francis Beidler, II, and George Engelking, the appellants, qualified as executors.

At the time of the death of the testator, he owned 8,000 shares of the capital stock of Santee River Cypress Lumber Company, a corporation organized under the laws of South Carolina and doing business in that State. The remainder, 7,000 shares, were owned by the testator's wife and children. In addition, the Santee River Cypress Lumber Company was indebted to the testator in the sum of $556,864.22, for advances made by him to the company, and in the sum of $64,672 for dividends previously declared on his shares. The indebtedness was an open un-

secured account which was entered upon the books of the company kept in South Carolina. The testator also kept a complete set of personal books in Chicago upon which appear entries of the amounts due him by the company except the item of dividends.

The total amount of the indebtedness for advances and dividends, $621,536.22, was included by the Attorney General of Illinois in the computation of the value of the decedent's estate for the purpose of fixing the inheritance tax payable to that State.

The executors filed with the South Carolina Tax Commission, as required by the Inheritance Tax Law of South Carolina, an affidavit setting forth all the above-mentioned assets. The payment of the succession tax to the State of South Carolina with respect to the shares of stock owned by the testator in the Santee River Cypress Lumber Company was not contested by the executors, and by agreement the value of these shares was fixed at $204 per share, or $1,632,000. The South Carolina Tax Commission also levied a tax upon the transfer of the indebtedness, overruling the claim of the executors that the State of South Carolina had no jurisdiction to impose such a tax and that the levy of it would constitute a deprivation of property without due process of law in violation of the Fourteenth Amendment of the Federal Constitution. This contention was renewed upon the appeal of the executors to the Supreme Court of the State of South Carolina. That court sustained the action of the Tax Commission with respect to the taxability of the transfer of the indebtedness, and the executors bring this appeal to review that part of the judgment.

In reaching its conclusion as to the validity of the tax, the state court relied chiefly upon the decision of this Court in *Blackstone* v. *Miller*, 188 U. S. 189. That decision has been overruled, and it is now established that the mere fact that the debtor is domiciled within the State

does not give it jurisdiction to impose an inheritance or succession tax upon the transfer of the debt by a decedent who is domiciled in another State. *Farmers Loan & Trust Company* v. *Minnesota,* 280 U. S. 204; *Baldwin* v. *Missouri,* 281 U. S. 586. The transfer is taxable by the State of the domicile of the deceased owner. *Blodgett* v. *Silberman,* 277 U. S. 1. Open accounts, including credits for cash deposited in bank, fall within this principle, and its application is not defeated by the mere presence of bonds or notes, or other evidences of debt, within a State other than that of the domicile of the owner. *Baldwin* v. *Missouri, supra.*

It is sought to sustain the tax by South Carolina upon the ground that the indebtedness had what is called a " business situs " in that State, and the state court adverted to this basis for the tax. In *Farmers Loan & Trust Company* v. *Minnesota, supra,* this Court reserved the question of business situs, saying: "*New Orleans* v. *Stempel,* 175 U. S. 309, *Bristol* v. *Washington County,* 177 U. S. 133, *Liverpool & L. & G. Ins. Co.* v. *Orleans Assessors,* 221 U. S. 346, recognize the principle that choses in action may acquire a situs for taxation other than at the domicile of their owner if they have become integral parts of some local business. The present record gives no occasion for us to inquire whether such securities can be taxed a second time at the owner's domicile." But a conclusion that debts have thus acquired a business situs must have evidence to support it, and it is our province to inquire whether there is such evidence when the inquiry is essential to the enforcement of a right suitably asserted under the Federal Constitution.[1]

---

[1] *Kansas City Southern Railway Co.* v. *Albers Commission Co.,* 223 U. S. 573, 591–593; *Creswill* v. *Knights of Pythias,* 225 U. S. 246, 261; *Northern Pacific Railway Co.* v. *North Dakota,* 236 U. S. 585, 593; *Ward* v. *Love County,* 253 U. S. 17, 22; *Davis* v. *Wechsler,* 263 U. S. 22, 24; *Railroad Commission* v. *Eastern Texas R. R. Co.,* 264 U. S. 79,

In the present case, beyond the mere fact of stock ownership and the existence of the indebtedness, there is no evidence whatever, having any bearing upon the question, save a copy of the decedent's account with the corporation, taken from his books which were kept by him in his office at Chicago. The various items of debit and credit in this account, in the absence of any further evidence, add nothing of substance to the fact of the indebtedness as set forth in the agreed statement and afford no adequate basis for a finding that the indebtedness had a business situs in South Carolina.

That the decedent was largely interested in the affairs of the corporation is apparent; he owned a majority of its stock, but nothing is shown which derogates from its existence as a corporation, transacting its business as such, with corresponding corporate rights and liabilities. The interest of the decedent as a stockholder was a distinct interest,[2] and the estate of the decedent has been taxed by South Carolina upon the transfer of his stock according to its agreed value. With respect to the items of indebtedness of the corporation to the decedent, the latter appears upon the record simply as a creditor, with his domicile in Illinois.

For these reasons, the judgment of the state court, so far as it relates to the taxation of the transfer of the debts in question, must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

---

86; *New York Central R. R. Co.* v. *New York & Pennsylvania Co.* 271 U. S. 124, 126; *Ancient Egyptian Order* v. *Michaux*, 279 U. S. 737, 745.

[2] *Van Allen* v. *Assessors*, 3 Wall. 573, 584; *Hawley* v. *Malden*, 232 U. S. 1, 12; *Eisner* v. *Macomber*, 252 U. S. 189, 214; *Rhode Island Trust Co.* v. *Doughton*, 270 U. S. 69, 83.

MR. JUSTICE HOLMES: The decisions of last term cited by the CHIEF JUSTICE seem to sustain the conclusion reached by him. Therefore MR. JUSTICE BRANDEIS and I acquiesce, without repeating reasoning that did not prevail with the Court.