IN RE ESTATE OF A. W. LUND.
E. F. BENSON, APPELLANT.[1]

May 15, 1931.

No. 28,420.

*John A. Pearson* and *White & White,* for appellant.

*Henry N. Benson,* Attorney General, and *John F. Bonner,* Assistant Attorney General, for the state of Minnesota, respondent.

[1]Reported in 236 N. W. 626.

Loring, J.

A. W. Lund, a resident of River Falls, Wisconsin, died in December, 1929, leaving a large estate, part of which consisted of common and preferred shares of stock in Minnesota corporations which have their only place of business and substantially all their property in Minnesota. The state of Minnesota seeks to impose its inheritance tax upon the transfer of such shares. The trial court found in favor of the state, and the personal representative of Lund's estate has appealed.

The appellant contends that the imposition of the tax is in violation of the fourteenth amendment to the constitution of the United States and relies principally upon Farmers L. & T. Co. v. Minnesota, 280 U. S. 204, 50 S. Ct. 98, 74 L. ed. 371; 65 A. L. R. 1000. In that case the court held that Minnesota could not impose its inheritance tax upon bonds and certificates of indebtedness of the state and two of its municipalities owned by a nonresident at the time of his death. It held that no state could tax anything not within its jurisdiction without violating the fourteenth amendment, and it reasoned that debts have a situs at the domicile of the creditor and not at that of the debtor, in the absence of evidence that they have become an integral part of some local business in another state. The decision comments upon the impropriety of double taxation based upon inconsistent theories of the situs of property; but the principle is recognized that if the state of the deceased's domicile imposes a tax upon property not within its jurisdiction, it does not thereby deprive the state in which the property is actually located of its right to tax. Citing Coe v. Errol, 116 U. S. 517, 524, 6 S. Ct. 475, 29 L. ed. 715, 717. Therefore in the case at bar we are not concerned with the fact that Wisconsin has imposed its inheritance tax upon these shares of stock in the Minnesota corporations. We are solely interested in the situs of a nonresident shareholder's property in a Minnesota corporation whose business is conducted and substantially all of whose property is within this state. If Minnesota has this property within its jurisdiction so that it may impose its inheritance tax upon its transfer, it remains

for other forums to determine whether the state of its owner's domicile may also impose a tax.

G. S. 1923 (1 Mason, 1927) §§ 2292 and 2302, provides for a tax upon the transfer of property, by will or intestate law, within the state or its jurisdiction although the decedent be a nonresident, and specifically prohibits the transfer by Minnesota corporations of shares of stock standing in the names of nonresident decedents without the consent of the attorney general, to be given only upon the payment of the tax. In our opinion these statutes in effect create a lien in favor of the state upon the interest in the corporation represented by the shares. Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 607, 69 L. ed. 1058, 42 A. L. R. 316, 325.

This court has definitely held that shares of stock in Minnesota corporations, although held by nonresidents, have a situs within the jurisdiction of this state and are subject to the Minnesota inheritance tax. State ex rel. Graff v. Probate Court, 128 Minn. 371, 380, 150 N. W. 1094, L. R. A. 1916A, 901; State ex rel. Bodman v. Probate Court, 142 Minn. 415, 418, 419, 172 N. W. 318. In our opinion there is a clear distinction between debts as represented by bonds or certificates and the capital stock, either common or preferred, of a corporation. A debtor obviously has no property interest in the debt he owes which would give it a situs at his domicile. The creditor has the property interest in the debt, and hence the property is localized at his domicile. Cleveland P. & A. R. Co. v. Pennsylvania, 15 Wall. 300, 320, 21 L. ed. 179, 187. A share of stock is not a mere debt or obligation of the corporation; it represents the interest of its owner in the corporation itself and entitles him to his share of the profits and of the ultimate assets in case of dissolution. State ex rel. Bodman v. Probate Court, 142 Minn. 415, 172 N. W. 318; In re Estate of Bronson, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 242, 55 A. S. R. 632; In re Palmer, 183 N. Y. 238, 76 N. E. 16; Rhode Island H. T. Co. v. Doughton, 270 U. S. 69, 48 S. Ct. 256, 70 L. ed. 475, 43 A. L. R. 1374, 1379; Van Allen v. Assessors, 3 Wall. 573, 583, 18 L. ed. 229, 234; Farrington v. Tennessee, 95 U. S. 679, 686, 24 L. ed. 558, 560; Beidler v.

South Carolina Tax Comm. 282 U. S. 1, 51 S. Ct. 54, 75 L. ed. 69.

Whatever nomenclature we apply to the character of a shareholder's interest, it is a property interest in the corporation itself which can effectively be transferred only under the protection and by authority of the laws of the state whose creature the corporation is. State ex rel. Graff v. Probate Court, 128 Minn. 371, 382, 150 N. W. 1094, L. R. A. 1916A, 901; Welch v. Treasurer, 223 Mass. 87, 111 N. E. 774; State v. First Nat. Bank, 130 Maine, 123, 154 A. 103, 106. This is true even where a transfer may be effected through a transfer agent outside the state. State ex rel. Bodman v. Probate Court, 142 Minn. 415, 172 N. W. 318.

The Supreme Court of the United States has frequently held that the situs of shares of stock in a domestic corporation is, for the purposes of taxation, in the state where the corporation is organized. This is certainly true where its business is wholly carried on, as in the case at bar, in the state where it is organized.

In the case of Corry v. Baltimore, 196 U. S. 466, 25 S. Ct. 297, 300, 49 L. ed. 556, it was held that Maryland could impose a tax on the stock of a domestic corporation held by a nonresident and create a personal liability on the part of the stockholder to pay the same. The court, in holding that such an exercise of power was not a violation of the fourteenth amendment, said [196 U. S. 477]:

"Certainly, the exercise of such a power is no broader than the well recognized right of a state to affix to the holding of stock in a domestic corporation a liability on a nonresident * * * stockholder *in personam* in favor of the ordinary creditors of the corporation." See also Rhode Island H. T. Co. v. Doughton, 270 U. S. 69, 81, 46 S. Ct. 256, 70 L. ed. 475, 43 A. L. R. 1374, 1379; Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. ed. 1058, 42 A. L. R. 316; Tappan v. Merchants Nat. Bank, 19 Wall. 490, 22 L. ed. 189; Baker v. Baker, Eccles & Co. 242 U. S. 394, 37 S. Ct. 152, 61 L. ed. 386.

While the Minnesota statute does not in express terms sever the situs of the shares from the domicile of the owner, this court has

held that no such express provision is necessary and that it is sufficient that the statute has exerted jurisdiction over the shares and manifested an intention to tax them. State ex rel. Graff v. Probate Court, 128 Minn. 371, 150 N. W. 1094, L. R. A. 1916A, 901; State ex rel. Bodman v. Probate Court, 142 Minn. 415, 172 N. W. 318.

As we interpret its decisions, the United States Supreme Court has recognized that the stock of a domestic corporation is sufficiently localized within the state of its organization and existence to justify such state in imposing a succession tax such as ours upon the transfer by inheritance of the shares belonging to nonresidents. The inheritance tax imposed by New Jersey is, like our own, a succession tax, and the late James J. Hill, a resident of Minnesota, was the owner of a large block of shares in the Northern Securities Company, a New Jersey corporation. One James McDonald, a resident of the District of Columbia was at the time of his death the owner of stock in the Standard Oil Company of New Jersey. The state of New Jersey levied its inheritance tax on the shares of these companies owned by these decedents, and the validity of the assessment was before the Supreme Court in the case of Maxwell v. Bugbee, 250 U. S. 525, 40 S. Ct. 2, 6, 63 L. ed. 1124. It is true that the point there in controversy was the right of the state to fix its rate of taxation on the basis of the entire property of these estates, including the property outside New Jersey; but, in commenting upon the tax, the court said [250 U. S. 539]:

"It is not to be disputed that, consistently with the Federal Constitution, a state may not tax property beyond its territorial jurisdiction, *but the subject matter here regulated is a privilege to succeed to property which is within the jurisdiction of the state.* \* \* \* *In the present case the state imposes a privilege tax, clearly within its authority,* and has adopted as a measure of that tax the proportion which the specified local property bears to the entire estate of the decedent. \* \* \* It is in no just sense a tax upon the foreign property, real or personal."

Again, in the case of Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. ed. 1058, 42 A. L. R. 316, in commenting upon the right of states to impose an inheritance tax on the shares of their domestic corporations owned by the nonresident Frick, the Supreme Court said [268 U. S. 497]:

"The decedent owned many stocks in corporations of states other than Pennsylvania, which subjected their transfer on death to a tax and prescribed means of enforcement which practically gave those states the status of lienors in possession. *As those states had created the corporations issuing the stocks, they had power to impose the tax and to enforce it by such means, irrespective of the decedent's domicile and the actual situs of the stock certificates.*"

In consequence of this right the court held that under the fourteenth amendment these lawfully imposed taxes must be deducted from the value of the stocks upon which Pennsylvania imposed its tax. Had these taxes been unlawfully imposed, we assume that the court would have taken the view that they should have been resisted and that they would not have been a proper deduction. Welch v. Treasurer, 223 Mass. 87, 111 N. E. 774. Therefore the quoted language is not *obiter*, but is a binding interpretation of the United States constitution and is now the law of the land. We find nothing in the case of Farmers L. & T. Co. v. Minnesota, 280 U. S. 204, 508 S. Ct. 98, 74 L. ed. 371, 65 A. L. R. 1000, nor in the cases of Baldwin v. Missouri, 281 U. S. 586, 50 S. Ct. 436, 74 L. ed. 1056, or Beidler v. South Carolina Tax Comm. 282 U. S. 1, 51 S. Ct. 54, 75 L. ed. 69, which indicates a change of view on the part of the Supreme Court. What is said in those cases about double taxation does not affect the question here presented.

In so far as this question has been presented to state courts, they have usually held that the state may impose the tax upon shares in a domestic corporation owned by a nonresident. State v. First Nat. Bank (Maine) 154 A. 103; Kingsbury v. Chapin, 196 Mass. 533, 82 N. E. 700, 13 Ann. Cas. 738; In re Estate of Bronson, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 242, 55 A. S. R. 632; Mc-

Dougald v. Low, 164 Cal. 107, 110, 127 P. 1027. The numerous state cases are collected in a note in 42 A. L. R. 365.

We therefore hold that the situs of the property interest in a corporation represented by domestic corporate stock is localized within this state and that its ownership by a nonresident does not remove it from the jurisdiction of nor prevent the state from enforcing its lien for the succession tax which it has imposed upon its transfer by will or intestate law.

The order appealed from is affirmed.