DUGAN *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.— *December*, 1829.

The imposition and assessment of a tax by the *Mayor and City Council of Baltimore*, under and in pursuance of their charter, creates a legal obligation to pay such tax, on which the law raises an implied *assumpsit* by the person taxed.

By the charter of the City of *Baltimore*, (act of 1796, ch. 68, sec. 10,) it is provided "that the person or persons appointed to collect any tax imposed in virtue of the powers granted by this act, shall have authority to collect the same by distress, and sale of the goods, and chattels, of the person chargeable therewith," and by the ordinance of the corporate authorities of that city of the 27th March, 1817, a tax was imposed, and the collector directed to deliver to each taxable person, an account of his assessment and tax in writing, before a given day; and if the tax should not be paid within a month thereafter, to proceed without delay to recover it agreeably to the mode prescribed by the act of incorporation. In an action brought by the *Mayor and City Council of Baltimore* to recover a tax imposed by the ordinance of 1817, it was held unnecessary to prove, that the Collector had delivered the account before mentioned to the defendant; and that his liability to be sued, in no manner depended upon the diligence or negligence of the collector.

APPEAL from *Baltimore* County Court. *Assumpsit* to recover a sum of money claimed for taxes imposed by the appellees, (the plaintiffs in the court below) on the appellant, (the defendant in that court.) It was agreed, that the acts of Assembly and ordinances referred to in the bill of exceptions, might be read from the printed copies, without being inserted in the record.

At the trial, the plaintiffs offered in evidence to the jury, an act of the General Assembly of *Maryland*, entitled: "An act to erect *Baltimore town*, in *Baltimore* county, into a city, and to incorporate the inhabitants thereof." Passed at November session, 1796, *ch.* 68. And also offered in evidence, an ordinance of the Mayor and City Council of Baltimore, entitled: "An ordinance to impose a tax on the real and personal property within the city of *Baltimore*, and to provide for the collection of the same for the year 1817, and for other purposes." and also offered in evidence, that for the year 1817, the said defendant was duly and legally assessed with real and per-

sonal property in the city of *Baltimore*, liable to taxation, to the value of $16,388, and that the taxes properly chargeable to the said defendant for the said year, amounted to the sum of $160 93, to recover which sum this suit was brought. The plaintiffs further offered in evidence, that *Thomas Rogers* was the collector of taxes for the said year, and that *Peregrine Welsh* was employed by the said *Thomas Rogers* as a clerk and agent to assist in the collection of the same, and that some time in the year 1818, the said *Peregrine Welsh* called on the defendant and demanded payment of the said sum of $160 92, due as aforesaid, but that the said defendant refused to pay the same, alleging that the Mayor and City Council of Baltimore were indebted to him. Whereupon, the said defendant prayed the opinion and direction of the court to the jury, that the plaintiffs having offered no evidence to prove, that the said collector made and delivered to the said defendant, an account in writing of the assessment and tax of the said defendant, containing the items in words at length, and the amount thereof in figures, before the first day of June, in the year 1817, or at any time before the commencement of this suit, were not entitled to recover in this action; and the defendant further prayed the opinion and direction of the court to the jury, that upon the evidence given in this cause, the plaintiffs were not entitled to recover in this action; which opinions and directions the court refused to give to the jury, but were of opinion and so directed the jury, that if the jury believed the evidence given in this cause, the plaintiffs were entitled to recover. The defendant excepted, and the verdict and judgment being against him, he prosecuted this appeal.

The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN and ARCHER, J.

*R. Johnson*, for the appellant.

*J. Scott*, for the appellee.

BUCHANAN, Ch. J. delivered the opinion of the court.
By the 10th section of the act of 1796, the act of incorpora-

tion of the city of *Baltimore*, authority is given to the person or persons appointed to collect any tax imposed, in virtue of the powers granted by that act, to collect the same by distress and sale of the goods of the persons chargeable therewith; with a provision, that if the tax imposed, shall be chargeable on real property, it may be recovered by action of debt, or attachment, in case no goods can be found liable to be distrained upon.

This suit was brought to recover an amount of taxes, claimed to be due and owing by the appellant, for the year 1817, in virtue of an ordinance passed by the corporation on the 27th of March, in the year 1817: "To impose a tax on the real and personal property within the city of *Baltimore*." It is not contended, that the corporation had not the power by the charter to impose taxes ; nor is it denied that the particular ordinance imposing the tax in question, was passed in pursuance of the powers derived under the charter. But it is urged, that unless the provisions of the fifth section of the ordinance, directing the collector to deliver to each taxable person, &c. an account in writing, of his assessment and tax, containing the items in words at length, and the amount thereof in figures, before the 1st of June next, after the passage of the ordinance were pursued, no action would lie; and that there being no evidence of a delivery, &c. by the collector to the appellant, of such an account as is directed by the ordinance, this action cannot be maintained, and in support of this proposition, the *stat. of 2d Geo. 2d, ch. 23, sec. 23*, and the decisions under it are relied on. But the analogy insisted on is not perceived. The language of the *stat. of 2d Geo. 2d*, is imperative; it provides that no attorney or solicitor shall commence or maintain any action or suit, until the expiration of a month or more, after he shall have delivered a bill of his fees, &c. to the party to be charged, &c. thus expressly declaring, that no action shall either be brought or maintained, until the provisions of the statute have been first complied with ; but that is not the character of this ordinance ; it neither *expressly* forbids the bringing of a suit before the delivery of the account, nor *impliedly*, by authorising or directing a suit to be brought, in the event of the tax not being

paid by the time prescribed. It has no relation to the bringing of a suit, but only to the summary mode provided by the charter of collecting the tax by a distress and sale of the goods. It is seen that by the 10th section of the charter, the person appointed to collect the taxes, imposed by the corporation, is impowered to do so by distress and sale of the goods of the persons chargeable with them. The 4th section of the ordinance provides for the appointment of a collector. And the 5th section, the office of which is to prescribe his duties, after providing that he shall deliver to each taxable person, an account of his assessment and tax in writing, on or before the first of June next, after the passing of the ordinance, goes on to direct him, if the tax should not be paid by the first of July following, to proceed without delay to recover it, agreeably to the mode prescribed by the act of incorporation, that is by distress and sale of the goods, and not by suit, which he had no authority either by the charter or ordinance to institute. It is true that the collector was not authorised to collect the tax by distress, and sale of the goods, without having first delivered an account of the assessment and tax to the party to be charged, according to the directions of the ordinance, who was entitled to that notice, before his property could be proceeded against in the summary mode provided by the charter, and without such notice his property could not be distrained upon and sold. But though his goods would be protected from distress and sale by the collector, it would not therefore follow, that he could not be sued by the corporation for the amount of the taxes due. His liability to be sued or not, in no manner depended upon the diligence or negligence of the collector in the discharge of his duty, as prescribed by the fifth section of the ordinance, which has no relation to that subject.

In the *Mayor and City Council vs. Howard, 6 Harr. & Johns.* 383, it was decided by this court in relation to the 10th section of the act of incorporation, that the giving a remedy by distress or action of debt, was *cumulative* only, and did not take away the action arising by implication, on the legal obligation to pay a claim created by law. The tax for which this suit

was brought was imposed by virtue of that act, the imposition and assessment of which created the legal obligation to pay, on which the law raised an implied *assumpsit*, independent of the notice required by the fifth section of the ordinance, as a foundation for a summary mode of recovery, and unaffected by the omission of the collector to do his duty—which omission (if an account was not delivered as required by the ordinance,) though it caused the loss of the right to collect the tax by distress and sale of the goods, left the right to recover on the original implied *assumpsit* unimpaired—an assumpsit raised by the law, on the imposition and assessment of the tax, and not to arise on the delivery by the collector of an account of the assessment and tax.

JUDGMENT AFFIRMED.