# THE JAMES CLARK DISTILLING CO. *vs.* MAYOR AND CITY COUNCIL OF CUMBERLAND.

*Taxation of Shares of Stock—Valuation by State Tax Commissioner Binding on Municipalities—Notice of Assessment or of Increase—Mode of Entry of Assessment Against Shareholders—Reduction of Assessment on Appeal From Tax Commissioner—Distilled Spirits.*

Municipal taxes upon shares of stock in corporations of this State can be levied only upon the valuation thereof by the State Tax Commissioner under Code Art. 81, sec. 141, as amended by the Act of 1896, ch. 120, and a municipal corporation has no power either to increase or to diminish such valuation.

# CLARK DISTILLING CO. vs. CUMBERLAND. 469

Under Code Art. 81, secs. 132, 141, taxes are leveid upon shares of stock of corporations by the various municipalities according to the valuation of such shares by the State Tax Commissioner unless that valuation be changed on appeal by the Comptroller and Treasurer of the State ; and the shareholders are assessed in the places of their residence with the shares so valued although the obligation to pay the tax is imposed upon the corporations. The holders of most of the stock of the defendant corporation resided in the city of Cumberland and the assessment of the stock stood at $20,000 until the year 1900, when the State Tax Commissioner increased the valuation to $90,000, which was duly reported in pursuance of the statute to the County Commissioners. Plaintiff, the said city, entered that increased valuation on the tax books under the name of the corporation followed by the names of the shareholders there resident and the amounts of stock respectively owned by them. At the same time, a notice of the increase was given by the city to the corporation. Afterwards, upon appeal from the State Tax Commissioner, the assessment of the stock at $90,000 was reduced to $75,000. In an action by the city to recover the municipal tax on said shares at the valuation of $90,000. *Held,*

1st. That a notice by the city to each shareholder of the increase in the assessment was not only unnecessary but would have been nugatory, because in the valuation of shares the corporation is treated by the statute as representing the shareholders, and has notice of, and a right to appeal from, the assessment, and also because the city had no power to increase or diminish the assessment made by the State Tax Commissioner.

2nd. That the statutory provision that the shares be assessed against the shareholders is substantially complied with by an entry of the names of the shareholders and number of shares held by them grouped together under the name of the corporation by which the tax is payable.

3rd. That if in point of fact certain distilled spirits owned by the defendant company were valued as part of the value of the shares and not as personal property as required by the Act of 1892, ch. 704, that was an error which should have been corrected by an appeal from the State Tax Commissioner and cannot be availed of in this action to cause a reduction in the valuation.

4th. That since the declaration shows that the valuation of $90,000 had been lawfully reduced to $75,000, the right of the city to collect taxes from the defendant was restricted to the reduced valuation, and consequently an instruction to the jury which permitted a recovery upon the valuation which had been abrogated was erroneous.

Appeal from the Circuit Court for Allegany County (STAKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Benjamin A. Richmond* and *James A. McHenry*, for the appellant.

*Albert A. Doub* (with whom was *Wm. C. Devecmon* on the brief ), for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This suit was brought by the city of Cumberland against the James Clark Distilling Company, a body corporate, to recover the amount of municipal taxes due by the shareholders of the company to the municipality on the shares of stock held by such of the shareholders as are residents of the city. There are several questions involved and they arise, some on demurrers by the defendant to four of the counts of the declaration ; others, on demurrers by the plaintiff to some of the pleas, and the remaining ones on exceptions to the admissibility of evidence and on rulings made on the prayers presented for instructions to the jury. These questions may be classified as follows : *First*, whether the municipality has, under its charter, authority to *increase* an assessment once made, unless there is a general new assessment of all property within the city. *Secondly*, whether a notice of such increase given to the corporation is a valid notice to the shareholders within the requirement which declares that no assessment and the increase of no assessment previously made, shall be lawful unless the party charged is afforded an opportunity to be heard. *Thirdly*, whether the assessment was an assessment against the company or against the shareholders. *Fourthly*, whether the assessment was legal inasmuch as the greater part of the value of the stock was represented by distilled spirits which the *Act of 1892, ch. 704*, requires to be valued as personal property and prohibits from being included in the assessment of the capital stock. *Fifthly*, whether the *third* prayer of the plaintiff should have been granted because at variance with the *eleventh* count of the declaration.

The facts which give rise to and the statutory provisions which concern these several questions are, in brief outline, as follows : The James Clark Distilling Company is a body corporate having a capital stock of one thousand shares, each of the par value of one hundred dollars. In the year eighteen hundred and ninety-eight the stock was valued for the purposes of taxation by the State Tax Commissioner under *secs. 132 and 141 of Art. 81 of the Code,* and the value placed upon each share was twenty dollars. Under *sec. 141* as amended by the *Act of 1896, ch. 120,* it is made the duty of the State Tax Commissioner to furnish to the County Commissioners of each county in which the shareholders of a corporation reside, a statement of the valuation put by him on the stock, and unless that valuation is changed, on appeal from his decision, by the Comptroller of the State Treasury and the Treasurer, the State, county and municipal taxes are levied thereon ; but if the valuation made by the Tax Commissioner is changed on appeal, then the taxes are levied upon the valuation made by the Comptroller and the Treasurer. By *sec. 1, Art. 81 of the Code,* as re-enacted by the *Act of 1896, ch. 120,* it is provided that, "All State and county taxes *and all municipal taxes* shall be levied upon the assessments made in conformity with the provisions of this Article, and in conformity with all laws relating to revenue and taxes and not embraced in this Article." In *sec. 141* as amended by the *Act of 1896,* it is declared that "all county or municipal taxes assessed upon said respective taxable value of such respective shares of stock * * * shall be collected," &c. The meaning of these sections as applied to the taxes in question is obvious. In terms they distinctly declare that *municipal* taxes shall be levied upon assessments made in pursuance of the provisions of *Art. 81 of the Code.* There is no method of making assessments of shares of stock for the purposes of taxation of any kind, other than the mode above pointed out as prescribed by *secs. 132 and 141 ;* and it consequently follows that the valuation of such shares so made by the Tax Commissioner, or on appeal from him by the Comptroller and

Treasurer, is the *only* valuation upon which *municipal* taxes can be levied. This being so no municipality in the State can place upon shares of stock which the Tax Commissioner is required to assess, any valuation different from that which has been fixed by that officer or by the Comptroller and Treasurer on appeal from him. There can, therefore, be no such thing as an independent valuation of such shares of stock by a municipality. The assessment when made by the Tax Commissioner, or by the Comptroller and Treasurer, is made for the municipal, no less than for the State and county taxation. This being so it becomes the simple duty of the County Commissioners and the several municipalities to place upon the assessment books the valuations thus made, and to charge each shareholder at that valuation with the number of shares owned by him. *Section 141*, as frequently interpreted by this Court, requires that the *shareholders* shall be assessed with the shares so valued, though the company is burdened with the duty to pay the tax, which when paid it is permitted to charge to the account of the shareholder for whom it is paid. *Hull* v. *South Dev. Co.*, 89 Md. 9; *U. S. Elec. Co.* v. *State*, 79 Md. 70; *Am. Coal Co.* v. *Allegany Co.*, 59 Md. 197.

For several years the assessment of the appellant company's stock stood at the sum of twenty thousand dollars, and the city taxes were regularly paid thereon by the company; but in nineteen hundred the State Tax Commissioner increased the valuation to ninety thousand dollars. He made a return of that valuation to the County Commissioners of Allegany County and the municipal authorities procured from the office of the County Commissioners a copy of that valuation and placed it on the city books. The assessment as it originally stood and as it now stands on the tax books of the city is in the following form:

| *Assessment.* Clark, The James Dis. Co. Capital Stock 1,000 shares at $20 . . . . . . $20,000 *Stockholders.* No. Shares. | *Balance.* 1898–1899 | *Balance.* 1899–1900 | *Balance.* 1900–1901 |
|---|---|---|---|
| James Clark, 666 | | | |
| John Keating, 334 | $20,000 | $20,000 | $90,000 |

After the increased valuation had been made and had been entered on the city books a notice was delivered to the president of the company in these words :

CUMBERLAND, MD., July 28th, 1900.
" *Mr. The Jas. Clark Distilling Co. Baltimore Street.*

"You are hereby notified that under and by virtue of sec-"tion 59, of the city charter of Cumberland, we have assessed "your property, liable to taxation in said city, as follows : The assessed valuation of the capital stock according to the State Tax Commissioner's report has been increased to $90,000. If you desire to appeal from this assessment, you must appear before the Committee on Appeals ;" and the time and place are then named. No attention was paid to the notice and the assessment at ninety thousand dollars remained unchanged in the city books, and the municipal levy of ninety cents on the one hundred dollars was made in July. The company had in the meantime appealed from the valuation fixed by the Tax Commissioner, and the assessment of ninety thousand dollars was reduced by the Comptroller and Treasurer to seventy-five thousand dollars, and that reduction was duly certified to the County Commissioners. Demand was made upon the company by the city for the amount of the tax on the whole capital stock at a valuation of ninety thousand dollars ; the company refused to pay and this suit was brought. Nine hundred and ninety-seven shares of the whole one thousand are held by two persons both of whom reside in Cumberland. The trial of the case resulted in a verdict and judgment in favor of the city for the tax on nine hundred and ninety-seven shares of the capital stock at the valuation of ninety dollars per share; and from that judgment this appeal was taken.

The *first* of the five questions heretofore mentioned as being presented by the record is raised by the defendant's demurrer to the *eighth* count of the declaration, by the plaintiff's demurrer to the *fourth* plea and by the defendant's *eighth* prayer. We do not find any errors in the rulings just indicated. The power of the city under its ordinances and the local law to *increase* an assessment previously made is not involved and

therefore need not be considered ; and it is not involved, because, as has already been observed, the valuation of shares of capital stock is made, not by the municipality, but by the Tax Commissioner.   As the municipal tax *must* be levied on the assessment made by the Tax Commissioner, or upon that fixed by the Comptroller and Treasurer on appeal, the city is confined to that valuation, and its powers with respect to making assessments are not called into activity at all.   The question as to whether it has power to increase an assessment can only arise when an assessment which it has authority to make and has made has been increased by it ; but such a question cannot arise when the power and the duty to make and to increase an assessment reside, as they do in this instance, in the State Tax Commissioner and have been exercised and performed by him.   The provisions of the city charter do not bear upon this branch of the inquiry and need not be alluded to ; and they do not bear upon the inquiry because the assessment could not be made under them, but was made by the Tax Commissioner under *sec. 141, Art. 81,* of the Code of Public General Laws.

The *second* question is one raised by the defendant's demurrer to the *ninth* and *tenth* counts of the *narr.*, by the plaintiff's demurrer to the *third* plea, and by the defendant's *third, fourth, fifth* and *sixth* prayers ; and it has relation to the failure of the city to give notice to the shareholders of the increase in the assessment.   The rulings on those demurrers and on the prayers just enumerated were correct for two reasons.   *First,* because a notice to each shareholder is not necessary ; and, *secondly,* because a notice, if given to each shareholder, would have been useless and nugatory as it could have accomplished nothing.   A notice to each shareholder is unnecessary because the corporation represents the shareholders. The officers of the corporation are required by the Code to make an annual return to the State Tax Commissioner, and upon the information disclosed by that return the valuation of the capital stock is placed each year.   If the valuation is not satisfactory an appeal may be taken by the corporation for

the shareholders. An opportunity is thus afforded for the shareholders to be heard through the corporation, and that gratifies all the requirements of law. If each and every shareholder in the great number of companies throughout the State had a right to insist upon a notice before an assessment of his shares could be made, and if each were given a separate right of appeal, it would be simply impossible to fix annually a valuation on shares of capital. The policy of the law is to treat the corporation not merely as tax collector after the tax has been levied, but to deal with it as the representative of the shareholders in respect to the assessment of the shares ; and when notice has been given to the corporation and it has the right to be heard on appeal, notice is thereby given to the shareholders and they are accorded a hearing. This is so in every instance where the assessment is made by the State Tax Commissioner, because the revenue laws throughout treat the corporation as the representative of the shareholders, and as no official other than the Tax Commissioner has power to assess capital stock, no notice other than the one given by him is necessary ; and as no notice other than the one given by him is necessary, a notice by the municipality to each shareholder is not requisite.

Again : Had the municipality given to the shareholders a notice to appear before its committee of appeals the notice would have been of no avail. As the municipality had no power to assess the shares of stock, because that power resides alone in the State Tax Commissioner, so it had no authority to *decrease* the assessment, because that authority is confided solely to the Comptroller and Treasurer, on appeal from the Tax Commissioner. If this were otherwise there would be no uniformity in the valuation of shares of stock. Were each municipality or county at liberty to revise the valuation fixed by the Tax Commissioner on shares of stock and to reduce the assessment made by him, it might well be that shareholders residing in one municipality or county would be charged with a much higher valuation than shareholders residing in other municipalities or counties upon shares held in

precisely the same company.   Had the tax authorities of Cumberland in fact given to each resident shareholder a notice to appear and had each one appeared, the whole proceeding would have been an idle form because the city was absolutely powerless to vary in any particular the valuation made by the Tax Commissioner.

The *third* question is ; were the shares of stock assessed against the shareholders or against the corporation ; and it arises on the ruling in the *first* exception admitting the assessment in evidence, and on the ruling granting the plaintiff's *first* and *second* prayers and rejecting the defendant's *first* and *second* prayers.   Treating this question as one of fact it went to the jury under the defendant's *seventh* prayer which was granted and the appellant has no ground of complaint, because the jury found adversely to it thereon.   But the solution of the question depended altogether upon an interpretation of the written entries in the assessment book and therefore the question was one for the Court and not for the jury to pass on. *Roberts & Co.* v. *Bonaparte*, 73 Md. 191; *Horn* v. *Buck*, 48 Md. 370.   Hence the admissibility and the legal sufficiency of the evidence furnished by the assessment book to show that the assessment therein entered was against the shareholders and not against the company must now be considered.   The *first* exception concerns the admissibility of the assessment book in evidence ; the defendant's *first* and *second* prayers challenge the legal sufficiency of that evidence to show an assessment against the shareholders, and the special exceptions to the plaintiff's *first* and *second* prayers raise precisely the same point.   Does the assessment, hereinbefore set out, disclose an assessment against the company or against the shareholders ?   Strict, technical accuracy is rarely found in the entries made in assessment books.   Such accuracy ought not to be exacted, because if insisted on scarcely any tax levy could be sustained.   When it is apparent that property is subject to taxation and has been valued and assessed by the proper officer according to the method prescribed by statute and with a due observance of all the safeguards which are thrown around

the individual by the organic law, a mere informality in the entries in the assessment book should not be permitted to defeat the collection of the tax, especially if the informality does not obscure the real intent and meaning of the entry. *Cooley*, *Taxation*, 234. It is true beyond dispute that shares of capital stock must be assessed against the shareholder and not against the company, because the statute so directs, and the statute obviously so directs because shares of stock are personal property owned by the shareholder and not by the company which issues them. But it does not follow that the names of all the shareholders residing in a municipality may not be grouped under the name of the company for convenience in making collections from the corporation, if the number of shares held by each shareholder be set forth in such a way as to show the amount or proportion which is chargeable to him. If this method were not permitted duplicate entries would have to be made ; that is to say, one against each shareholder individually, and as the assessment books are usually arranged alphabetically this would occasion a great number of scattered and disconnected entries ; and, secondly, a consolidated entry would have to be made, wherein all the shareholders individually assessed would be brought together under one heading. The latter entry would be rendered necessary because the tax is payable by the corporation upon all the shares held by residents of the municipality, and the amount payable can only be ascertained by bringing together in some way the names of all resident shareholders and a statement of the number of shares held by them. Instead of charging the two stockholders in their respective individual accounts with the shares held by them, the city charged each with the number of shares he held, but entered those charges under a heading which indicated that the *tax* was payable by the company though the shares of stock were not assessed against it. This in substance and effect was a compliance with the requirement that the shareholder should be assessed. If the assessment had been intended to be against the company there would have been no occasion to mention the sharehold-

ers at all, or to designate how many shares they held, and the entry of their names with a statement of the number of shares owned by each could only have been for the purpose of pointing out that the assessment was in fact against *them* for a tax to be paid *for* them *by* the corporation. This conclusion is not affected by the terms in which the notice was couched. Though the notice was addressed to the company and stated "we have assessed *your* property," it is manifest that the property assessed was *not* the property of the company because the thing assessed was the company's *capital stock*. The notice was entirely unnecessary, as has been already shown, and consequently its being allowed to be read in evidence did no injury and there is no reversible error in the ruling set forth in the *second* exception.

The *fourth* question concerns the *Act of 1892, ch. 704.* By that Act distilled spirits are required to be valued by the State Tax Commissioner as personal property and not as part of the value of the shares of stock. This question is raised by the plaintiff's demurrer to defendant's *sixth* plea. The demurrer was properly sustained. If in point of fact the value of distilled spirits was included in the assessment of the shares of stock, it was an error of the State Tax Commissioner, and for the correction of that error *sec. 144, Art. 81 of the Code,* provides a remedy by affording an appeal to the Comptroller and Treasurer. If the Distilling Company omitted to avail itself of that remedy it cannot now convert the Circuit Court for Allegany County into an appellate tribunal to review the action of the Tax Commissioner and to revise his valuation. The city had no independent authority to assess the shares of stock and therefore it could not have abated the assessment of the Tax Commissioner by deducting the value of the distilled spirits. The plea proceeds upon the theory that the city did possess such authority and in this particular it was erroneous.

The *fifth* and final question has relation to the plaintiff's *third* prayer and incidentally to the *fifth* plea. The *fifth* plea was demurred to and was ruled bad. There was no error in

this for the reason that the conclusion of the plea was defective inasmuch as it denied the right of the plaintiff to recover at all because of the assessment having been reduced to seventy-five thousand dollars whilst the levy had been made upon the valuation of ninety thousand dollars, though these facts could not have wholly defeated the action, but would merely have restricted a recovery to the amount really due on the basis of a valuation of seventy-five thousand dollars. This is so upon the theory that the obligation to pay the tax carries with it a remedy by an action at law against the taxpayer to enforce the payment, *Mayor, &c., Balto.* v. *Howard,* 6 H. & J. 383; *Dugan* v. *Mayor, &c., Balto.,* 1 G. & J. 499; but as the obligation to pay does not and cannot include a duty to pay an amount in excess of that legally due, the recovery must be limited to the sum lawfully due.   The *eleventh* count of the declaration after reciting the valuation of the company's capital stock at ninety thousand dollars by the Tax Commissioner, proceeds to allege that the company appealed from that valuation to the Comptroller and Treasurer, and that they reduced the assessment to seventy-five thousand dollars, whereby the company became liable to pay upon the one thousand shares of stock held by the two shareholders who resided in the city, the tax rate of ninety cents upon the valuation of seventy-five thousand dollars, or the total sum of six hundred and seventy-five dollars.   The *third* prayer granted at the instance of the city authorized a recovery "for such an amount as a tax levied at the rate of ninety cents on the one hundred dollars would make on nine hundred and ninety-seven shares of stock valued at ninety dollars per share." There was error in this instruction.   The declaration having disclosed that the valuation of ninety thousand dollars, or ninety dollars a share, had been lawfully reduced to seventy-five thousand dollars, or seventy-five dollars a share, the right of the city to collect from the company was restricted to the latter valuation, for the latter valuation was the only legal valuation that then existed ; and consequently a prayer which permitted a recovery based upon a valuation which had been ab-

rogated and which was, therefore, no longer in force, was essentially wrong and ought not to have been granted.   It will not do to say that such a recovery could be  sustained under other counts of the *narr.*, and it will not do to  say this because whatever might have been the case had not the *eleventh* count been added that count being added shows that the true valuation according to the plaintiff's own claim, is seventy-five thousand and not ninety-thousand dollars, and the true valuation is the one which must measure the city's right to recover.    The granting of the *third* prayer caused a substantial injury for the verdict rendered was considerably in excess of the sum which the city was entitled to demand.    We find no errors in the other rulings not specifically alluded to, but because of the granting of the *third* prayer of the plaintiff the judgment must be reversed and a new  trial will  be  awarded.

> *Judgment reversed with costs above and*
> *below and new trial awarded.*

(Decided June 18th, 1902.)