·145 So. 163

## PRATT v. STATE.
### 3 Div. 717.

Court of Appeals of Alabama.
June 30, 1932.

Rehearing Denied Nov. 1, 1932.

Eugene Ballard, of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

This appeal presents a single question: Is a stockholder in an incorporated bank in Alabama liable in a civil suit against him for the ad valorem tax assessed against his stock in the bank, when the assessment was made for the tax year beginning October 1, 1929, and the bank failed on February 21, 1930, without having paid the tax?

This case was tried in the court below upon the following agreed statement of facts:

"It is agreed by and between the plaintiff and the defendant in the above styled cause that the following facts shall be agreed and submitted and shall be taken as true, as fully and completely as a statement of facts, but the conclusions of law are not admitted:

"That on October 1, 1929, the defendant, Daniel Pratt, was a resident of Autauga County, Alabama, and was the owner of three hundred and forty-two shares of capital stock of the Autauga Banking and Trust Company, a domestic banking corporation, legally formed, in existence, and doing business under the laws of the State of Alabama, and located in Prattville, Autauga County, Alabama; that in compliance with Section 6, General Acts of the State of Alabama of 1923, page 152, the aforesaid Bank through its duly constituted officers did, at the proper time, make returns to the Tax Assessor of Autauga County, Alabama, and to the State Tax Commission for assessment for taxation purposes of the shares of said corporation for the year 1929–1930, as provided by law; that such returns did show the total number of shares of capital stock of the aforesaid Bank to be fifteen hundred, and that thereafter the Board of Review of Autauga County, Alabama, and the Alabama State Tax Commission, after deducting the assessed value of the real and personal property, did find and assess as the value of all of such shares to be $32,820.00, and assessed as a value of each share of the

aforesaid stock for taxation purposes the sum of $21.88; that the proceedings of making the return, making the assessment, giving notice, entering the assessments on the books, and all proceedings in and about said assessment were in all things regular and as provided by law; that the Tax Assessor of the aforesaid County and State, using the aforesaid assessment valuation fixed by the Board of Review, duly assessed the owners of the shares of the said stock, as provided by law, that the assessments were never paid by the said Bank, as, under aforesaid Acts, Section and page of the laws of the State the said Bank shall do; that said Tax Assessor by these proceedings has attempted to collect from the defendant, the aforesaid tax claimed to be due on the three hundred and forty-two shares owned by this defendant, such taxes amounting to $157.82; that the afore-'said amount has not been paid by this defendant; that the taxes for 1930, on the aforesaid three hundred and forty-two shares of stock, owned by this defendant in said bank, has not been paid, and neither has any tax been paid into the State of Alabama on any of the aforesaid fifteen hundred shares of stock in said Bank. It is further agreed that the Autauga Banking & Trust Company closed its doors and was taken over by the Superintendent of Banks for the State of Alabama for liquidation on February 21, 1930, and that at the time said Bank was taken over for liquidation by the aforesaid Superintendent of Banks, as above set out, no taxes, based on the aforesaid assessment on any of the above said fifteen hundred shares has been paid to the State of Alabama; that this defendant still owns the aforesaid three hundred and forty-two shares of the capital stock of said bank on which this defendant is entitled to share in any dividends paid to the shareholders on their stock, in the liquidation of the aforesaid Bank."

The foregoing agreed statement of facts was signed by counsel for the respective parties, and the court below rendered judgment for plaintiff, from which this appeal was taken.

In Page & Jones on Taxation by Assessment, § 1047, the learned authors say: "Whether a personal liability shall be imposed or not rests entirely within the discretion of legislature in States in which it is held the legislature may impose such liability; and, accordingly, in the absence of a statute which specifically, or by necessary implication, provides for such liability, no liability of this sort exists."

The relevant part of the statute, Acts 1923, pp. 152, 161, § 6, reads: "Every share of any incorporated bank * * * shall be assessed * * * at sixty per cent. of its fair and reasonable market value. * * * It is the intent and meaning of this section that the real estate of every bank shall be assessed against the bank as other real estate in this State is assessed to the owners thereof, and *that such bank shall pay the taxes thereon*, and that the shares shall be assessed for taxation against the shareholders * * * and *that the bank shall pay for the shareholders* respectively the tax so assessed, against their shares. * * * It shall be no ground of objection to such assessment of shares that it is entered upon the assessment book in the corporate name of the bank."

The appellant claims, under authority of Commissioners Court v. State, 172 Ala. 242, 55 So. 623, and Jefferson County Savings Bank v. Hewitt, 112 Ala. 546, 20 So. 926, that the bank is required to pay for its shareholders the taxes assessed against the stock, and that the assessment to the individual owners is a matter of form merely for the information and convenience of the assessor, but not of the substance of the assessment.

In 37 Cyc. 1155, we read: "(111) Corporations paying tax on stocks or bonds.—(In General.) The courts have sustained the validity of the statutes in force in several of the states requiring corporations to pay the taxes assessed upon the shares of their capital stock in the hands of individual stockholders, or upon their outstanding bonded indebtedness, and directing, or intending, that the corporation can then deduct and retain the amount of such taxes from dividends payable to its shareholders, or from interest on its bonds, as the case may be. It is generally held that such a provision makes the tax a debt due from the corporation, for which it is directly and primarily liable, and its liability for the same is not affected by its becoming insolvent or going into the hands of a receiver."

In City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 327, 139 Am. St. Rep. 45, the Supreme Court of this state, speaking through Anderson, C. J., said: "The general rule seems to be that, where the Legislature has not authorized any method for collecting a tax, an action at law will lie to collect it. Where the Legislature, however, has authorized a method of collection, the method is exclusive, and generally in such case an action will not lie unless the statute expressly authorizes it."

A careful consideration of section 6 of the 1923 Revenue Act, in connection with sections 3060, 3063, 3066, 3067, 3077, and 3094, satisfies us that the Legislature intended that the tax there required to be assessed was intended not only as a charge against the stock, but a personal obligation of the owner of the stock and enforceable by a suit at law.

Section 3060 provides for the sale of personal property for delinquent taxes. Section 3063 provides for the collection of taxes by process of garnishment. Section 3066 provides for a levy on and sale of shares of stock of private corporations for delinquent taxes.

260

Section 3067 provides for the sale of real estate for delinquent taxes when insufficient personal property can be found out of which the taxes of the delinquent taxpayer can be made. Section 3077 provides for the collection of taxes from a taxpayer about to remove from the county. Section 3094 provides: "In cases where there is no provision of law authorizing the collection of taxes by suit, the taxes which shall become due under the provisions of this chapter to the state, or to any county, city or town, may, after the same shall become delinquent, be collected by the state, or by any county, city or town, by suit in any court of competent jurisdiction."

If the Legislature did not intend the tax on shares of stock in a state bank to be the personal obligation of the owner of the stock and collectible by a suit at law, it is difficult for us to understand why it went to so much pains to specify that it was the intent and meaning of its declaration that the real estate should be assessed against the bank, as other real estate in this state is assessed, and that the bank should pay the taxes thereon; and that the shares should be assessed for taxation against the shareholders and that the bank should pay for the shareholders, respectively, the tax so assessed against their shares. It also seems to us that it would have been a vain and useless thing to have provided for the collection of taxes by suit in a court of competent jurisdiction, as was done in section 3094, had the Legislature not intended that the tax be the personal obligation of the owner of the stock.

Neither are we able to understand why the Legislature would go to so much pains to provide for the collection of taxes by garnishment, as was done in section 3063, unless it intended that the tax should be the personal obligation of the owner of the property, as well as a charge against the stock itself.

The cases cited and relied on by the appellant must be considered in light of the statutory provisions above referred to.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.

SAMFORD, J., dissents.