2 So.2d 781

## GRAY v. STATE.

### 5 Div. 332.

Supreme Court of Alabama.

May 29, 1941.

Jacob A. Walker, of Opelika, and Robt. S. Milner, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for the State.

LIVINGSTON, Justice.

This is an appeal from a decree of the Circuit Court of Tallapoosa County, in Equity, condemning certain lands of appellant to be sold for the payment of taxes.

We deem it unnecessary to cite authority to the proposition that lands cannot be sold for the payment of taxes in the absence of a valid assessment.

At the outset we are met with an agreement of counsel for appellant and appellee, which is in part as follows: "It is further agreed between the parties that on said trial the complainant offered in evidence the original tax assessments of Tallapoosa County, Alabama, showing the tax assessments of Mrs. William Gray for the years 1936, 1937 and 1938, and that Exhibit 'A' to the transcript of appeal as certified to the Circuit Court of Tallapoosa County, Alabama, in Equity, by Hon. J. Percy Oliver, Judge of Probate of Tallapoosa County, Alabama, on July 3, 1939, *is a true and correct copy of the documents offered.*" (Italics supplied.)

Counsel for appellant insist that Exhibit "A" does not show a valid assessment of

314

the property condemned, and counsel for appellee are of the same opinion. We quote the following from appellee's brief: "An examination of Exhibit A shows that it is a record of 'tax sales and redemptions Tallapoosa County, Alabama,' as certified to by the Judge of Probate, and is not, as this Court judicially knows, an original tax assessment required by law to be kept by the tax assessor under the provisions of Act No. 83, approved October 11, 1932 [page 93]."

Admittedly, the record contains no evidence other than Exhibit A of any assessments. But counsel for appellee insist that the note of testimony shows that the cause was submitted for final decree on, among other items of evidence "first, original tax assessments of Mrs. William Gray." Conceding that what purported to be the original tax assessments were introduced in evidence, counsel agree that Exhibit A *is a true and correct copy of the document offered.* It would serve no good purpose to set forth in detail Exhibit A. Suffice it to say, that we are of the opinion that it does not show a valid assessment of the property condemned.

The assessment is an indispensable prerequisite to the validity of a tax against any individual, for without a valid assessment there can be no lawful attempt to collect the tax or to enforce it against any specific property. Town of Albertville v. Hooper, 196 Ala. 642, 72 So. 258.

The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.

GARDNER, C.J., and BOULDIN and FOSTER, JJ., concur.