217 So.2d 540

**William I. SMITH et al.**

v.

**Otis R. BURTON, Sr., Tax Collector, Talladega County.**

**7 Div. 710.**

Supreme Court of Alabama.

Dec. 12, 1968.

Rehearing Denied Jan. 23, 1969.

Fred Blanton, Birmingham, for appellants.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and Jas. R. Payne, Asst.

Attys. Gen., and J. N. Montgomery, County Atty., Talladega, for appellee.

COLEMAN, Justice.

Complainants appeal from a decree declaring that the shareholders of the stock of Ampco, Incorporated, an Alabama corporation herein referred to as Ampco, are liable for the payment of ad valorem taxes on their respective shares, for the tax year 1963, assessed as provided by Title 51, § 25 et seq., Code 1940.

The complainants are four individual persons and the corporation, Ampco. Three of the individual complainants own all the shares of Ampco. The fourth individual complainant is a director, but not a shareholder, of Ampco.

The named respondent is the Tax Collector of Talladega County. The Attorney General and counsel for the Department of Revenue also appear in opposition to complainants.

The cause commenced with complainants' filing their bill for declaratory relief. Complainants aver that the four individual complainants are residents of the State of Alabama; that three of them are shareholders, directors, and officers of Ampco, and that the fourth individual complainant is a director of Ampco; that the Department of Revenue of the State of Alabama and the county tax assessor did assess the shares of stock in Ampco "pursuant to Title 51, Section 25, et seq.," Code 1940; that the shares "were assessed to the corporation as provided by law"; that at the time of said assessment and thereafter until the filing of the bill, Ampco was defunct and insolvent, and the shares of Ampco were and continued to be without actual value; that after the aforesaid assessment, the respondent tax collector sent to Ampco a tax notice in the amount of the taxes assessed, to wit, $13,860.00; that Ampco was and continues to be unable to pay said tax; that the county tax collector has notified the three individual shareholders that he intends to collect the tax from the shareholders by authority of Title 51, § 25 et seq., Code 1940; that the tax assessor has not assessed the shares of Ampco to the shareholders individually or collectively; that the three individual shareholders, "owners of all the shares of stock of" Ampco, have protested to the tax collector the payment of said tax on the ground that the shares have not been assessed to them individually, thereby denying to them their right to protest as provided by Title 51, § 25, Code 1940, and that collection of the tax from them without assessment would deprive complainants of their property without due process of law guaranteed by Section 6 of the Constitution of Alabama of 1901 and the Fourteenth Amendment of the Constitution of the United States.

Complainants pray for a declaration that the tax collector has no authority to collect the tax from the shareholders without an individual assessment against each of them "with opportunity to protest as provided in" Title 51, § 25 et seq.; and that the collection of the tax from each shareholder is in violation of his constitutional right to due process.

The parties made stipulation as follows:

"That the facts well pleaded in the bill of complaint are true and correct. That the shares of stock of Ampco, Inc., were assessed to the corporation as provided by law. That the assessment was not appealed from, that the taxes have not been paid to date, that the Respondent is attempting to collect the taxes from the Complainants, and Complainants contend that this application of Title 51, Section 25 et seq, Code of Alabama of 1940 (Recompiled 1958) is unconstitutional for the reasons set forth in the bill of complaint. That Complainants desire a declaration of the constitutionality of said sections as same apply to the Complainants under the allegations of the bill of complaint.

"That the only question remaining to be determined by the Court, subsequent to the ruling on demurrers in this case, is the constitutionality of said sections in their application to said Complainants under the allegations of the bill."

After submission on bill, answer, and stipulation, the court declared that Title 51, § 25 et seq., is constitutional as applied to complainants; that the assessment, which was not appealed from, is valid and binding on the individual shareholders; that it is not a valid ground of objection that the assessment was entered on the assessment book in the name of the corporation rather than to the shareholders individually or collectively; that insolvency, inability, or failure of the corporation to pay the tax does not relieve the individual shareholder of liability for tax on his

individually held shares; and that complainants are entitled to no further relief.

Complainants state a single proposition of law in brief, to wit:

"Collection of an ad valorem tax on shares of stock from the individual owners thereof without notice of an assessment on such shares of stock to the individual owners thereof and a hearing thereon is a denial of that due process guaranteed by Article I, Section 6, Constitution, State of Alabama, 1901, and that due process and equal protection of the laws guaranteed by Amendment XIV, Constitution of the United States, even though such shares of stock have been finally assessed by the Department of Revenue of the State of Alabama to the corporation."

In essence, complainants' argument seems to be that an assessment against the corporation and in its name, for which the individual shareholder becomes liable without an additional assessment against him individually and without notice to him individually, deprives him of his property without due process of law.

■ We think it must be conceded that a taxpayer is denied due process if he is required to pay a tax on his property without assessment or notice or opportunity to be heard in protest against the assessment. In the instant case, we understand that the assessment was made as provided by the cited statutes.[1] It is agreed that the statutes were complied with. This means that the corporation did have notice and opportunity to be heard before the Department of Revenue, and the further

---

1. Pertinent provisions of Title 51, Code 1940, recite:

§ 25. "Every share of any domestic corporation . . . . shall be assessed and the taxes thereon collected in the county wherein such corporation has its home or chief office in the state, and shall be assessed . . . . to the person in whose name such shares stand on the books of the corporation and not to the corporation. . . . . The president or managing officer of every such corporation shall make out and return under oath to the tax assessor and to the department of revenue a list showing the total number of shares of capital stock of such corporation and the par value thereof, and the full name and residence of each stockholder, as far as known . . . . and the value of the shares as shown by the books of the corporation . . . . and such other information as may be required by the department of revenue. . . . . Such corporations shall at the same time make a tax return sworn to by its president or manager, to the department of revenue and to the county tax assessor . . . . of all taxable property . . . . situated in the state and owned by such corporation, and the department of revenue after passing on the value of the shares of the capital stock shall fix the value of all the shares of said corporation . . . . Whenever the department of revenue shall have passed on the valuation and assessment of the shares of any domestic corporation as herein provided, it shall give notice in

writing by registered mail, return receipt demanded, to the president or managing officer or person signing the tax return of the corporation, or if no return has been made, then such notice to be addressed to any officer of the corporation against whose shares the assessment has been made, giving notice of the valuation and assessment, stating that on a day specified, it will determine any complaint against said valuation, which notice must be served at least ten days before the day specified for a final determination of the assessment. . . . . It shall be no ground for objection to such assessment of shares that the same is entered upon the assessment book in the name of the corporation. . . . . When the assessment of all the shares herein provided shall have been made final the department of revenue shall deliver the said final assessment to the tax assessor and shall send a copy to the president or managing officer of the corporation whose shares have been assessed."

§ 26. "If the owner . . . . of any share . . . . of any domestic corporation . . . . is dissatisfied with the final assessment as fixed by the department of revenue, he . . . . may appeal from said final assessment . . . . to a circuit court, sitting in equity, as provided in this title for appeals from assessment made by the department of revenue. . . . . the corporation . . . . shall have the right to take the appeal as herein provided in behalf of the shareholder."

right to appeal to the courts "in behalf of the shareholder" if dissatisfied with the determination of the department. The shareholders also had the right to appeal. Title 51, § 26.

Unquestionably, the corporation, as such, had adequate notice and opportunity to be heard; but complainants, shareholders, contend that assessment to the corporation was not assessment to them and that notice to the corporation was not notice to them. So, the question for decision is whether or not assessment and notice to the corporation, as provided by the statute, were sufficient to give notice and opportunity to be heard to the shareholders so as to afford to them due process of law.

Counsel for complainants says in brief that he has found no case which resolves the primary question here presented, but we think he has found such a case, i. e., Corry v. City of Baltimore, 196 U.S. 466, 25 S.Ct. 297, 49 L.Ed. 556, which is not on all fours with the instant case, but, as we understand it, resolves the question whether notice to the corporation is sufficient notice to the shareholders.

In *Corry,* the Maryland laws provided for assessment of the value of the shares of stock of Maryland corporations in substantially the same manner as provided in our § 25, Title 51; except that the Maryland law required the corporation to pay the tax on behalf of the shareholder and provided that the corporation, when it had paid the tax, might proceed by personal action against the shareholder to recover the amount paid. Pursuant to Maryland law, tax had been assessed against a corporation and demand for payment made for state and municipal taxes due. Corry, a shareholder and nonresident of Maryland, brought suit to restrain collection. The Court of Appeals of Maryland denied relief, saying, among other things:

"The second and third objections urged by the appellant are, that section 144 of article 81 of the Code fails to provide a notice to the shareholder of the assessment and valuation of this property, and he was therefore, without an opportunity to be heard as to the value of the shares, and to enforce the collection would be 'taking property without due process of law.'

"This section of the Code was under consideration in the recent case of [James Clark] Distilling Co. v. Mayor, Etc., of Cumberland, 95 Md. 468, 52 A. 661, and we distinctly said that: 'A notice to each shareholder is unnecessary, because the corporation represents the shareholder. If the valuation is not satisfactory, an appeal may be taken by the corporation for the shareholder, an opportunity is thus afforded for the shareholders to be heard through the corporation and that gratifies all the requirements of the law.'" Corry v. Baltimore, 96 Md. 310, 321, 53 A. 942, 943.

The Supreme Court of the United States affirmed, saying with respect to the requirement of notice:

"Having disposed of the first proposition we come to consider the second, which is that the legislation of the state of Maryland is repugnant to the Constitution of the United States, because of the omission to directly require the giving of notice to the nonresident stockholder of assessments on his stock, and opportunity for contest by him as to the correctness of the valuation fixed by the taxing officers. The highest court of the state of Maryland has construed the statutory provisions in question as in legal effect, constituting the corporation the agent of the stockholders to receive notice and to represent them in proceedings for the correction of an assessment. Thus in James Clark Distilling Co. v. Cumberland, 95 Md., 468, 52 A. 661, the court said (p. 475 A. p. 663):

" 'A notice to each shareholder is unnecessary because the corporation repre-

sents the shareholders. The officers of the corporation are required by the Code to make an annual return to the state tax commissioner, and upon the information disclosed by that return the valuation of the capital stock is placed each year. If the valuation is not satisfactory an appeal may be taken by the corporation for the shareholders. An opportunity is thus afforded for the shareholders to be heard through the corporation, and that gratifies all the requirements of law. If each and every shareholder in the great number of companies throughout the State had a right to insist upon a notice before an assessment of his shares could be made, and if each were given a separate right of appeal, it would be simply impossible to fix annually a valuation on shares of capital. The policy of the law is to treat the corporation not merely as tax collector after the tax has been levied, but to deal with it as the representative of the shareholder in respect to the assessment of the shares and when notice has been given to the corporation, and it has the right to be heard on appeal, notice is thereby given to the shareholders, and they are accorded a hearing. This is so in every instance where the assessment is made by the state tax commissioner, because the revenue laws throughout treat the corporation as the representative of the shareholders, and as no official other than the tax commissioner has power to assess capital stock, no notice other than the one given by him is necessary; and as no notice other than the one given by him is necessary, a notice by the municipality to each shareholder is not requisite.'

"If a tax was expressly imposed upon the corporation the stockholders, though interested in the preservation of the assets of the corporation, could not be heard to object that the statute did not provide for notice to them of the making of the assessment. The condition attached by the Maryland law to the acquisition of stock in its domestic corporations, that the stockholders,

for the purpose of notice of the assessment of the stock and proceedings for the correction of the valuation thereof, shall be represented by the corporation, is not in our opinion an arbitrary and unreasonable one, when it is borne in mind that the corporation, through its officers, is by the voluntary act of the stockholders constituted their agent and vested with the control and management of all the corporate property, that which gives value to the shares of stock and in respect to which taxes are but mere incidents in the conduct of the business of the corporation. The possibility that the state taxing officials may abuse their power and fix an arbitrary and unjust valuation of the shares, and that the officers of the corporation may be recreant in the performance of the duty to contest such assessments, does not militate against the existence of the power to require the numerous stockholders of a corporation chartered by the state, particularly those resident without the state, to be represented in proceedings before the taxing officials through the agency of the corporation." (196 U.S., supra, at pages 478 and 479, 25 S.Ct. at 301)

We are of opinion that there is no material difference between the Maryland statute and our § 25, Title 51, with respect to the sufficiency of the notice to the corporation as notice to the stockholders.

 We hold that notice to the corporation, given as required by the statute, satisfies the requirement for notice to the stockholders, and that further notice to the individual stockholders is not necessary. The statute makes the corporation agent for the stockholders in the matter of assessment of tax on the respective shares of the stockholders.

" . . . . In assuming the relation of stockholder one subjects himself to the corporate laws of the State in which

the corporation was created. . . . ." Nashville Trust Co. v. Cleage, 246 Ala. 513, 516, 21 So.2d 441.

Title 51, § 25, provides that the shares shall be assessed "to the person in whose name such shares stand on the books of the corporation and not to the corporation," and further that "It shall be no ground for objection to such assessment of shares that the same is entered upon the assessment book in the name of the corporation."

This court has expressed the view that the tax under § 25, Title 51, is imposed on the shares and is against the share owner; for example, the court said:

"So even under appellant's theory, which we denounce as unsound, that 'capital' and 'capital stock' are identical in meaning and that the reserve funds are 'capital stock,' these funds still would not be within the reach of § 25, since *the tax is not on the capital stock of the corporation but on the shares of the corporation 'to the person in whose name such shares stand on the books of the corporation and not to the corporation',* and there are no shares of stock and none are authorized. . . . ." (Emphasis Supplied) State v. DeKalb County Exchange, 253 Ala. 217, 219, 220, 43 So.2d 809, 810.

See State v. Southeastern Metals Co., 254 Ala. 631, 49 So.2d 182.

See also: Pratt v. State, 25 Ala.App. 258, 145 So. 163; cert. den. 226 Ala. 14, 145 So. 165.

Being of opinion that the provisions of Title 51, § 25 et seq., provide adequate notice to shareholders, we hold that complainants' contention to the contrary is not well taken.

Affirmed.

LAWSON, SIMPSON and BLOODWORTH, JJ., concur.

