The State of Alabama and the State Department of Revenue (collectively referred to as "the Department") appeal from a judgment of the trial court dismissing certain claims filed against Amerada Hess Corporation and 35 other oil producers (collectively referred to as "the producers").
The Department initiated this action on October 24, 1997, by filing a complaint in the Circuit Court of Mobile County alleging that the producers had engaged in deceptive schemes and practices with the purpose of underpaying the severance tax[1] they owed. The Department, in its complaint, alleged no specific dates on which or locations at which, these offenses were alleged to have been committed. Further, the complaint included no tax assessment advising the producers of the amount of their tax liability. The Department sought to recover past due taxes, interest, and penalties, in an unspecified amount. In addition the Department sought declaratory and injunctive relief.
The producers filed motions to dismiss the complaint against them, pursuant to Rule 12(b)(1) and 12(b)(6), Ala.R.Civ.P. All parties filed memorandum briefs in support of their respective positions. The trial court granted the producers' motions to dismiss the Department's claims for monetary damages and for a declaratory judgment. The trial court subsequently made its order final pursuant to Rule 54(b), Ala.R.Civ.P. The Department's claims for injunctive relief remain pending and have been stayed pending resolution of this appeal. *Page 181 
"When a party appeals the dismissal of its complaint, the dispositive issue before this court is not whether that party will ultimately prevail but whether he can possibly prevail." Town ofCamp Hill v. James, 686 So.2d 1208, 1210 (Ala.Civ.App. 1996) (citing Davis v. University of Montevallo, 586 So.2d 27
(Ala.Civ.App. 1991). Because the facts of this case are undisputed and the controversy involves only questions of law, the trial court's judgment carries no presumption of correctness, and our review is de novo. Beavers v. County of Walker,645 So.2d 1365 (Ala. 1994). On appeal the Department contends that the trial court erred in dismissing its claims against the producers because, it claims, Ala. Code 1975, § 40-2-11, empowers it to sue a taxpayer for the collection of taxes or penalties due the state. Section 40-2-11(4) sets forth specific powers granted to the Department pertaining to tax collection, as follows:
 "To direct actions to be instituted by the Attorney General, district attorney or attorneys especially employed for such purposes, with the approval of the Attorney General for the collection of any taxes or penalties due the state or any county, or to compel any officer or taxpayer to comply with the provisions of the tax laws; to direct actions, prosecutions, and proceedings to be instituted to enforce the laws of this state relating to taxes, penalties, forfeitures, and liabilities, and for the punishment of any public officers or any person or any officer or agent of any corporation, company, or association, trustee, or receiver for failure or neglect to comply with the provisions of the tax laws, and to cause complaints, informations, actions, or prosecutions to be made or instituted against any tax assessor, tax collector, probate judge, or other public official for the removal of such actions as may become necessary to obtain an order from circuit court enjoining or restraining a taxpayer from continuing in business in Alabama whenever such taxpayer fails to collect, account for, and/or pay over any trust fund tax imposed by Sections 40-17-2, 40-17-220, 40-18-71, 40-21-82, 40-21-102, 40-21-121, 40-23-2, 40-23-61, 40-26-1, or any other local sales, use, and gross receipts taxes collected by the department. Such actions and proceedings may be instituted in the circuit court of any county in which the taxpayer resides or does business, or in the Circuit Court of Montgomery County, Alabama, and shall remain in effect until such times as the taxpayer has come into full compliance with said tax laws. . . ."
The producers do not dispute the State's authority to sue for collection of its taxes; they argue, however, that the State must proceed in conformity with the Taxpayers' Bill of Rights and Uniform Revenue Procedures Act ("Taxpayers' Bill of Rights") when it sues taxpayers to recover taxes, interest and penalties. Therefore this appeal turns on the question whether the procedures set forth at § 40-2A-1 et seq. are minimum procedures the Department is bound to follow. We answer this question in the affirmative.
Section 40-2A-2(1) expressly sets forth the legislative intent behind the Taxpayers' Bill of Rights:
 "The legislative intent of this chapter is to provide equitable and uniform procedures for the operation of the department and for all taxpayers when dealing with the department. This chapter is intended as a minimum procedural code and the department may grant or adopt additional procedures not inconsistent with this chapter. This chapter shall be *Page 182 
liberally construed to allow substantial justice."
The scope of the Taxpayers' Bill of Rights is set forth in §40-2A-2(2), which provides:
 "The provisions contained herein shall govern all matters administered by the department except as otherwise provided by law or by agreement entered into pursuant to lawful authority. However, nothing herein shall be construed to apply to the assessment of ad valorem taxes on real or personal property which is administered by the various counties of the State of Alabama, except that the determination and assessment of value of property of public utilities under Chapter 21 of Title 40, and the determination and assessment of value of corporate shares of stock under Article 4 of Chapter 14 of Title 40, shall be governed by the procedures set forth in this chapter."
In the present case the imposition of severance taxes is clearly included in the phrase "all matters governed by the department." The record contains no evidence of any agreement pertaining to the collection of these taxes or of any other law that governs the procedure for the collection of severance taxes.
Further, Ala. Code 1975, § 40-2A-2(3), makes it clear that the procedures provided within the Taxpayers' Bill of Rights are exclusive. That section expressly provides that "[t]he department shall not be subject to the declaratory judgment, declaratory ruling, or contested case provisions of the Alabama Administrative Procedure Act, Chapter 22 of Title 41."
An overall review of the Taxpayers' Bill of Rights suggests that that statute provides for a uniform minimum procedure designed to ensure the due-process rights of taxpayers. For example, the Taxpayers' Bill of Rights grants to the taxpayer the right to receive a written description of the grounds for any allegation of underpayment of tax and detailing the method by which to obtain an administrative review. Ala. Code 1975, §40-2A-4(a)(2). It also provides the taxpayer with the right to receive a preliminary assessment from the Department stating the specific amount of taxes the Department claims it is due. Ala. Code 1975, § 40-2A-7(b)(1). The Taxpayers' Bill of Rights further provides the taxpayer the right to a final assessment and the right to appeal from that assessment to either the administrative law division of the Department or to the circuit court. Ala. Code 1975, § 40-2A-7(b)(4) and (5).
The courts of this state have addressed the requirement that the Department assess the taxes it claims are due and give notice of that assessment to the taxpayer. In Gray v. State, 241 Ala. 313,314, 2 So.2d 781, 781 (1941), our supreme court held that "[t]he assessment is an indispensable prerequisite to the validity of a tax against any individual, for without a valid assessment there can be no lawful attempt to collect the tax or enforce it against any specific property." In Smith v. Burton, 283 Ala. 391,217 So.2d 540 (1969), the supreme court stated, "[w]e think it must be conceded that a taxpayer is denied due process if he is required to pay a tax on his property without assessment or notice or opportunity to be heard in protest against the assessment."283 Ala. at 394, 217 So.2d at 542.
The United States District Court for the Southern District of Alabama stated in Clarke County Commission v. Pruet ProductionCo., 963 F. Supp. 1136 (S.D.Ala. 1997):
 "[S]everance taxes are a statutory creature. Without Ala. Code 1975, §§ 40-20-1 et seq., there would be no severance tax and no causes of action relating to *Page 183 
severance taxes. A party seeking to obtain benefits from the collection of severance taxes is bound, therefore, by the rules of enforcement enacted by the legislators who created the severance tax system."
963 F. Supp. at 1139.
The original severance-tax levy was enacted by the legislature in 1945 and is codified as Ala. Code 1975, § 40-20-2. Former § 40-20-6, which was also enacted in 1945, and which has been repealed and replaced by the Taxpayers' Bill of Rights, required the Department to make an assessment for any underpayment of taxes and to give notice of that assessment to the taxpayer. Therefore the provisions of the Taxpayers' Bill of Rights that require the Department to make assessments and to conduct audits with notice to taxpayers simply continued and extended the requirement that had previously been imposed on the Department pursuant to former § 40-20-6.
The Alabama Tax Enforcement and Compliance Act ("TECA"), Ala. Code 1975, § 40-29-1 et seq., was enacted in 1983 to supplement and clarify existing law pertaining to the enforcement and collection of taxes. If conflicts arise between the provisions of TECA and other statutory provisions, then § 40-29-2 provides that "it is hereby declared to be the legislative intent that, to the extent such other specific provisions are inconsistent with or different from the provisions of this chapter, the provisions of this chapter prevail."
Section 40-29-23 outlines the manner in which the commissioner may proceed against the taxpayer in order to collect any "final assessment of tax" (or assessment from which no appeal is taken). (Emphasis added.) It is manifestly clear from the provisions of TECA that the legislature intended that the Department assess the taxes due, as an essential prerequisite to any collection procedure.
The Department contends that the general powers conferred on it to institute a legal action against a taxpayer overrides the procedural provisions set forth in the Taxpayers' Bill of Rights and that any due-process rights provided a taxpayer through that statute will be protected through the judicial process. This argument fails, for several reasons. The cardinal rule in statutory construction is to give effect to the legislative intent as expressed in the statute or inferred from the language used and the reason for the act. McClain v. Birmingham Coca-ColaBottling Co., 578 So.2d 1299 (Ala. 1991). The supreme court has said that, when possible, the intent of the legislature should be gleaned from the language contained in the statute itself.Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301 (Ala. 1991). The Taxpayers' Bill of Rights contains a well-stated expression of legislative intent — "to provide equitable and uniform procedures for the operation of the department and for all taxpayers when dealing with the department." Ala. Code 1975, §40-2A-2(1). Therefore this court, in construing that statute, must accord great deference to that express statement of intent.
Further, it is well established that "`[s]ections of the Code dealing with the same subject matter are in pari materia. As a general rule, such statutes should be construed together to ascertain the meaning and intent of each.'" New Joy YoungRestaurant, Inc. v. State Dep't of Revenue, 667 So.2d 1384
(Ala.Civ.App. 1995) (quoting Locke v. Wheat, 350 So.2d 451, 453 (Ala. 1977). Finally, "[this court] recognize[s] that a statute should be construed, if possible, to give effect to every section thereof, and that the legislature should not be deemed to have done a vain *Page 184 
and useless thing." State of Alabama Home Builders Licensure Bd.v. Sowell, 699 So.2d 214 (Ala.Civ.App. 1997).
Section 40-2-11, the section the Department relies upon as its authority to proceed against a taxpayer without first making an assessment, confers on the Department the authority "to direct actions to be instituted . . . for the collection of any taxes or penalties due the state or any county." (Emphasis added.) Construing this section along with the procedural requirements set forth in the Taxpayers' Bill of Rights, and with the collection provisions contained in TECA, we conclude that the legislature intended § 40-2-11 to empower the Department to institute legal action against a taxpayer for tax liability once an assessment hasbeen made. Any other interpretation of this statute would render the Taxpayers' Bill of Rights powerless and would directly conflict with the collection provisions contained in TECA. Moreover, if these statutes could not be reconciled, then the detailed provisions of the Taxpayers' Bill of Rights would control over the general provisions of § 40-2-11, because of the rule of construction that specific provisions pertaining to specific subjects are considered to be exceptions to general provisions pertaining to general subjects. Murphy v. City of Mobile,504 So.2d 243 (Ala. 1987).
In its judgment dismissing the monetary claims of the Department, the trial court incorporated by reference an articulate and well-reasoned letter it had written to the parties analyzing the pertinent issues in light of the applicable authority. A portion of that letter is set forth below:
 "The Alabama Taxpayers' Bill of Rights and Uniform Procedures Act, codified in Sections 40-2A-1 et seq. of the Code of Alabama, 1975, invalidates the claims for money recovery and declaratory judgment because the Act expressly and specifically provides particular remedies for each of the allegedly wrongful acts alleged in the complaint. The most telling example is Subsection (d) of Section 40-2A-11, which specifies the penalty for `Underpayment due to fraud.' Section 40-2A-11 establishes a scheme of penalties sufficiently comprehensive to cover any type of underpayment which might be proved pursuant to the allegations in the complaint. Likewise, Sections 9-17-28 and 9-17-29 levy penalties for failures to file returns or to pay taxes timely and adequately.
 "Noteworthily, Subsection (g) of Section 40-2A-11, which bears the legend, `Penalties not exclusive,' in no way authorizes the suit filed in this case. Rather, this subsection simply says certain of the penalties provided by Section 40-2A-11 may be imposed in conjunction with one another rather than to the exclusion of one another.
 "More legal proof of the preemptive effect of the Act as it affects this lawsuit is Subsection (b)(2)a of Section 40-2A-7, which provides, `A preliminary assessment may be entered at any time if no return is filed as required, or if a false or fraudulent return is filed with the intent to evade tax. . . .' [Emphasis added.] Thus the Act expressly addresses the gravamen of this lawsuit: intentional and fraudulent tax evasion.
 "Finally, the Act establishes a scheme of subpoenas and contempt citations to empower the Department of Revenue to discover, to assess, and to collect the taxes due. These provisions are the appropriate mechanism for the Department to use to collect the information it needs to formulate the preliminary assessment which is prerequisite to any *Page 185 
effort to collect a tax or to redress its underpayment or evasion.
 "The Act expressly elevates its procedures to the level of rights vested in taxpayers such as the defendants in this case. This lawsuit, ignoring as it does the procedures of the Act, would abridge those taxpayers' rights. Thus those aspects of the complaint seeking money recovery or declaratory judgment are due to be dismissed."
After carefully reviewing the record, we conclude that the trial court properly dismissed the Department's claims for monetary damages and for a declaratory judgment, based on its lack of subject-matter jurisdiction resulting from the Department's failure to follow the procedures mandated by the Taxpayers' Bill of Rights. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
Robertson, P.J., and Crawley, J., concur.
Yates and Monroe, JJ., concur specially.
[1] The Alabama severance tax is a privilege tax levied by the Legislature on the act or privilege of severing oil and gas from lands located in Alabama. Ala. Code 1975, §§ 9-17-25 and 40-20-2.