## CHENNELL, ESTATE OF, In Re

Probate Court, Franklin County, Ohio

No 76639. Decided Dec 5, 1938

Arnold, Wright, Purpos & Harlor, Columbus, for exceptors.

Virgil H. Gibbs, Columbus, for Tax Commission.

James N. Linton, Columbus, and Henry J. Linton, Columbus, for ancillary administrator.

### OPINION

By McCLELLAND, J.

Upon the application of James M. Linton as ancillary administrator of the estate of John Chennell, this court determined that the succession passing to the sole devisee under the will of said decedent was subject to an inheritance tax of $2849.21. The matter is now before the court upon exceptions filed to such determination by Elsie Avis Kemp, as executrix under the will of said decedent, said executrix having re-

ceived her appointment from His Majesty's High Court of Justice in the County of Middlesex, England, in which court the will was probated.

The exceptor claims that the succession is not subject to a tax on the ground that the decedent was a non-resident of Ohio, he being a British subject residing in London, England, and that therefore the beneficiary of his will is not subject to an inheritance tax imposed by the state of Ohio. The said Elsie Avis Kemp, also a resident of London, England, is the sole beneficiary under the will of said decedent.

The succession in this case consists of the decedent's distributive share in personal property from the estate of Mary Jane Chennell, deceased, which distributive share is now in the hands of the ancillary administrator, having been transferred to him by James M. Linton as executor of the will of Mary Jane Chennell. The Mary Jane Chennell estate was administered through this court.

No claim is made by counsel for the Tax Commission that the succession involves anything but intangible personal property.

The exceptor contends that the statute assessing an inheritance tax in this case is unconstitutional, being a violation of the 14th Amendment of the Federal Constitution. The exceptor claims that no distinction should be made between this case and the line of Supreme Court cases holding unconstitutional a succession tax on intangible property levied by the state in which such property is physically present, where the decedent was domiciled and a resident of another state of the union. The line of cases referred to is as follows: "Farmers Loan & Trust Co., v Minnesota, 280 U. S. 204, 74 L. Ed. 371," Baldwin v Missouri, 281 U. S. 586, 74 L. Ed. 1056: Beidler v South Carolina Tax Commission, 282 U. S. 1, 75 L. Ed. 131: First National Bank v Maine, 284 U.S. 312, 75 L. Ed. 313.

The Tax Commission in support of the tax assessed relies upon the case of Burnet v Brooks, 288 U. S. 378, 77 L. Ed. 844. That case upheld the assessment of an estate tax by the Federal Government where a non-resident alien at the time of his death, owned intangible personal property physically located in the State of New York. In that case, the right to tax was upheld as an attribute of sovereignty possessed by the Federal Government.

May the same principle upon which Burnet v Brooks was based, be applied to the case at bar, where the right of a state to tax is involved?

We have not been cited to, nor have we been able to find, any other case involving the question before us. However, counsel for the Tax Commission has called our attention to a discussion of this question by Royce Annon Kidder in his treatise on "State Inheritance Taxation and Taxability of Trusts", published in 1934. The author, after citing Burnet v Brooks, says on page 297:

"While this was a case involving the taxability of intangible property under the Federal Estate Tax Act of 1924, the principles therein announced would be applicable in state inheritance taxation as between the state and a foreign country."

The decisions heretofore referred to, viz, Farmers Loan & Trust Co. v Minnesota, etc. were relied upon by those opposing the tax in Burnet v Brooks, as authority for their contention that such a tax was a violation of the due process clause of the Fourteenth Amendment. Answering this contention, Chief Justice Hughes, who wrote the opinion in that case says at page 401:

"The argument is specious but it ignores an established distinction. Due process requires that the limits of jurisdiction shall not be transgressed. That requirement leaves the limits of jurisdiction to be extended in each case with appropriate regard to the distinct spheres of activity of the state and nation. The limitations of state power are defined in the view of the relation of the states to each other in the Federal Union. The bond of the Constitution qualifies their jurisdiction which is the principle which underlies the decisions cited by the respondents (those opposing the tax). These decisions established that proper regard for the relation of the state in our system required that the property under consideration should be taxed in only one state and that jurisdiction to tax was restricted accordingly."

In support of the distinction drawn between the taxing power of the states and that of the Federal Government, the court quoted from the opinion of Chief Justice White in the case of Union Refrigerator Co. v Kentucky, 199 U. S. at page 194, as follows:

"Limitations of the Constitution are barriers bordering the states and preventing them from transcending the limits of their authority and destroying the rights of other states, and at the same time saving their

rights from destruction by other states, in other words of maintaining and preserving the rights of all the states, affords no grounds for constructing an imaginary constitutional barrier around the exterior confines of the United States for the purpose of shutting that government off from exertion of powers which inherently belong to it by virtue of sovereignty."

Author Kidder after quoting the above statement from the opinion of Chief Justice White sets forth the following significant paragraph:

"The opinion in Burnet v Brooks, supra, by Chief Justice Hughes, distinguishing the cases of the United States Supreme Court reviewed in the preceding section (Farmers Loan & Trust Co. v Minnesota et) is very enlightening upon the constitutional questions involved. If there is no constitutional barrier preventing the Federal Government from exercising its soveignty in the taxation of intangibles physically within the United States owned by a subject of a foreign country, it would seem that there should not be any constitutional barrier preventing a state in its sovereignty from similarly taxing intangibles having a situs within its borders owned by a citizen of a foreign country. The cases of the United States Supreme Court referred to in the preceding section only have to do with the power and relation of a state with every other state in the Federal Union. Of course, the state statute must, by its terms affirmatively show an intention to tax. Treaty rights also must be considered, as also reciprocity measures, if there are any in force."

We agree with the above statement. Our inheritance tax statutes affirmatively show an intention to tax and we know of no treaty rights or reciprocity measures which are violated by the tax here imposed.

It is therefore our opinion that the tax heretofore assessed by us is a valid tax, and that its assessment is not a violation of the Fourteenth Amendment.

In the briefs submitted in support of the tax, it was argued that, because this court took jurisdiction of the property by virtue of the ancillary proceeding, jurisdiction was conferred upon the state to assess an inheritance tax. With this argument we cannot agree. It is not reasonable to hold that

a succession, otherwise not subject to a tax, would be nevertheless taxed, merely because ancillary proceedings might be forced in any given case. Many different circumstances might arise which would cause ancillary proceedings to be had, and none of such circumstances would have any bearing on the taxability of the succession to the property involved. The property under our inheritance law is, or is not, subject to an inheritance tax, and the fact that ancillary administration is required or demanded, should have no bearing on the taxability of the succession.

The exceptions to the determination of the inheritance tax will be overruled.